## MORRILL v. GALLAGHER.

1. Trial—Verdict—Finding of Fact—Issues Withdrawn.
   A verdict must be based on finding of fact on issues presented to the jury and may not be considered as embracing a determination on issues withdrawn from consideration by the jury.

2. Same—Verdict—Negligence—Assault—Wilful and Wanton Misconduct.
   Verdict for plaintiff in action presented by declaration which included (1) a count based on negligence, (2) a count based on assault and battery, and (3) a count based on wilful and wanton misconduct, must be based on a finding of fact that defendants were guilty of negligence, where the other 2 counts were withdrawn before the case was submitted to the jury.

3. Garnishment—Questions Reviewable—Jurisdiction of Court in Original Action—Exclusion in Insurance Policy.
   The issue of jurisdiction of the court which tried the original action against the principal defendant may not be raised by garnishee defendant in garnishment proceeding against insurer under a home owner's policy for injuries sustained by plaintiff when the principal defendant and another caused a firecracker to explode in room where plaintiff was working, and insurer withdrew appearance theretofore filed because policy allegedly excluded coverage.

4. Same—Questions Reviewable—Jurisdiction.
   Judgment against principal defendant in original action may not be said to be void in garnishment proceeding, where trial court had jurisdiction of such original action.

References for Points in Headnotes
[1, 2] 53 Am Jur, Trial § 1005.
[3, 4] 6 Am Jur 2d, Attachment and Garnishment §§ 13–18, 385, 568.
[5] 6 Am Jur 2d, Attachment and Garnishment §§ 376–380.
[6, 10] 6 Am Jur 2d, Attachment and Garnishment § 397.
[7] 6 Am Jur 2d, Attachment and Garnishment § 383.
[8, 9] 29A Am Jur, Insurance § 1340 et seq.

5. SAME — DEFENSES INTERPOSABLE — INSURANCE — EXCLUSIONS — WAIVER.

A garnishee defendant who has elected to rely on the exclusion provisions of home owner's insurance policy is not entitled to assert other grounds as a defense to its liability in garnishment, since it has waived such other defenses.

6. SAME—HOME OWNER'S INSURANCE POLICY—EXCLUSIONS.

Trial judge in garnishment proceeding on home owner's insurance policy properly limited defenses of insurer garnishee to issues presented by exclusion provisions of policy, where the insurer had timely notice of the action against insured and elected not to defend the action because the exclusion provisions of the policy were claimed to relieve it from liability thereunder.

7. SAME—HOME OWNER'S INSURANCE POLICY—EXCLUSIONS—BURDEN OF PROOF.

An insurer has the burden of proof of showing application of exclusion provisions in its home owner's insurance policy, where it asserts nonliability in garnishment proceeding.

8. INSURANCE — HOME OWNER'S POLICY — EXCLUSIONS — PRANKS — BUSINESS ACTIVITIES.

Act of insured, principal defendant, in causing a firecracker to explode in room where plaintiff was working, in committing such prank, *held*, not to have been excluded from coverage under home owner's insurance policy providing for exclusion from coverage of "business pursuits of an insured, other than activities therein which are ordinarily incident to nonbusiness pursuits", since such prank was obviously not done in connection with insured's business.

9. SAME — HOME OWNER'S POLICY — EXCLUSIONS — PRANKS — INTENTIONAL INJURY.

Prank whereby insured and another caused a firecracker to explode in room where plaintiff was working with intention of frightening him but not intending to injure him, *held*, not to have been excluded from coverage by home owner's policy under clause relieving insurer from liability as "to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured."

10. SAME—GARNISHMENT—HOME OWNER'S POLICY—WORKMEN'S COMPENSATION—PRANKS.

Home owner's policy provision excluding from coverage injuries or disease for which workmen's compensation benefits were

payable *held,* not to preclude recovery for injuries received by plaintiff as result of prank whereby insured and another caused a firecracker to explode in room in which plaintiff was working, where issue of whether the pranksters were fellow employees could have been litigated in original action which insurer garnishee elected not to defend, and such action resulted in a judgment which may not be said to be void.

Appeal from Ingham; Hughes (Sam Street), J. Submitted March 8, 1963. (Calendar No. 63, Docket No. 49,798.) Decided July 17, 1963.

Case by Gaylord Morrill against James Gallagher and Noah Canfield for personal injuries sustained in perpetration of a prank. Judgment for plaintiff. Garnishment proceedings against United States Fidelity & Guaranty Company, which had refused to defend relying on exclusion clause in its insurance policy. Judgment against garnishee defendant, from which it appeals. Affirmed.

*Fraser, Trebilcock, Davis & Foster (Eugene F. Townsend, Jr.,* of counsel), for plaintiff.

*Parks, Church & Wyble (F. Merrill Wyble,* of counsel), for garnishee defendant.

Carr, C. J. This case involves the interpretation of a policy of liability insurance, commonly known as a "home owner's policy", issued by the corporate defendant to defendant Gallagher and wife. The facts are not materially in dispute. On January 17, 1957, defendant Gallagher was sole stockholder and manager of 2 corporations carrying on separate businesses on the same premises. Said corporations are referred to as the Lansing Pfeiffer Distributing Company and the Novi Sales & Service. Plaintiff Morrill was an employee of the first named corporation.

On the date in question it appears that defendants Gallagher and Canfield having in their possession a firecracker referred to as a "cherry bomb" lighted it and threw it into a room in which plaintiff was working. This was done for the apparent purpose of frightening plaintiff but the result was more serious than anticipated, causing, as plaintiff claimed, serious impairment of his hearing and also a nervous disorder. In January, 1958, suit was brought against the defendants, the declaration filed alleging in the first count liability for ordinary negligence on the part of defendants Gallagher and Canfield. The second count was predicated on the theory of assault and battery, and the third charged wilful and wanton negligence.

The United States Fidelity & Guaranty Company was notified of the suit and caused an appearance to be entered on behalf of Gallagher. Subsequently this appearance was withdrawn. In a letter to Gallagher written by the insurer under date of May 8, 1958, it was stated by the superintendent of claims of said company that the withdrawal was due to the alleged fact that the policy did not afford Gallagher coverage because of the injury sustained by Morrill. Attention was directed to certain exclusions from liability provisions as set forth in the policy, which will be hereinafter quoted.

Following the withdrawal from the case of the attorneys retained by the insurer, Gallagher procured counsel to represent him. At the pretrial hearing of the case in August, 1958, counts 2 and 3 of the declaration were stricken. Shortly thereafter counsel for Gallagher moved for summary judgment, basing such motion, in part at least, on the provisions of the workmen's compensation act* of the State, and particularly on CLS 1956, § 413.15 (Stat

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 et seq., as amended [Stat Ann 1960 Rev § 17.141 et seq.]).

Ann 1960 Rev § 17.189). It may be noted in passing that said motion alleged that plaintiff at the time of his injury was an employee of the Lansing Pfeiffer Distributing Company and was engaged in performing his duties as such. It further set forth that defendant Gallagher was also an employee of said company and the sole stockholder therein. It did not, however, allege that defendant was at the time of the firecracker incident engaged in the business of the company. Following the filing of the motion for summary judgment plaintiff sought and obtained an order amending the declaration by restoring counts 2 and 3, previously withdrawn. The motion of defendant Gallagher was granted on December 9, 1958, and thereupon plaintiff appealed to this Court from the order of dismissal.

Under date of July 23, 1959, the parties to the case by their respective attorneys stipulated for a dismissal of the appeal to the Supreme Court by plaintiff Morrill, and for the entry of an order setting aside and vacating the order of dismissal as to defendant Gallagher. It was also stipulated that the motion for summary judgment might be stricken and the case placed on the jury calendar for trial during the fall term of 1959. An order was entered in accordance with the said stipulation and the case was subsequently brought on for trial before a jury at the September, 1959, term of the circuit court. At the conclusion of the proofs counsel for plaintiff moved that counts 2 and 3 be deleted from the declaration. There was no objection to said motion and it was granted. Accordingly the case was submitted to the jury under the first count which, as before noted, was based on the theory of negligence on the part of defendants Gallagher and Canfield. Verdict was returned in the sum of $35,000 and judgment was entered accordingly.

Garnishment proceedings were instituted against defendant United States Fidelity & Guaranty Company on the basis of the claim that it was indebted to Gallagher under the terms of the liability insurance policy. A disclosure was filed, in substance denying liability under specified exclusions contained in the contract. The exclusions so invoked read as follows:

"(a) to any business pursuits of an insured, other than activities therein which are ordinarily incident to nonbusiness pursuits, or to the rendering of any professional service or the omission thereof, except with respect to voluntary civilian defense activities; or to any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an insured;

"(b)  * * *

"(c) to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured;

"(d) to bodily injury to or sickness, disease or death of (1) any employee of the insured while engaged in the employment of the insured, if benefits therefor are either payable or required to be provided under any workmen's compensation law; or (2) any residence employee of the insured while engaged in the employment of the insured if the insured has in effect on the date of the occurrence a policy providing workmen's compensation benefits for such employee."

The disclosure further relied on the claims advanced in counts 2 and 3 of the declaration and on the granting of defendant Gallagher's motion for summary judgment by way of dismissal of the suit against him, asserting in effect that the order of dismissal constituted an adjudication that plaintiff's remedy was under the workmen's compensation act. As before noted, the order granting the motion was subsequently set aside and counts 2 and 3 were de-

leted from the declaration before the case was submitted to the jury. The verdict returned must, in consequence, have been based on a finding of fact that the defendants were guilty of negligence, rather than on the basis of an assault and battery or wilful and wanton conduct.

Following the filing of the disclosure counsel for plaintiff moved to strike claims on behalf of garnishee defendant other than those based on the exclusion provisions of the insurance policy. Garnishee defendant moved to dismiss the case. Plaintiff's motion was granted, and defendant's motion was denied. In the order entered by the circuit judge it was directed:

"that the garnishee defendant defend the pending action on the basis of the 3 exclusions set forth in its letter to James P. Gallagher of May 8, 1958, and that the garnishee defendant may defend the pending action on the basis of alleged fraud and conspiracy as contained in its affidavit denying liability."

The controversy was submitted to the trial judge in accordance with the understanding of the parties and an opinion was subsequently filed in the case in which the conclusion was expressed that defendant had not sustained the burden of proof with reference to the exclusion clauses of the policy of insurance and that, in consequence, it was liable to the plaintiff on the theory on which the garnishment proceeding was based. Judgment was accordingly entered in the sum of $29,597.80, with costs. The said sum included the maximum liability under the policy, which was fixed at $25,000, together with interest and the court costs incurred in the case brought by plaintiff against the insured. From such judgment, garnishee defendant has appealed.

On behalf of appellant it is insisted that the court had no jurisdiction in the original action and that

it is entitled to raise such question in the garnishment proceeding. With such claim we are unable to agree. Whether Gallagher was in fact acting as an employee of the Lansing Pfeiffer Distributing Company at the time of the occurrence from which this litigation has resulted might have been litigated in the case instituted by plaintiff in the first instance. Had counsel whom appellant caused to enter appearance in that action remained in the case it may be assumed that the issue would have been fully tried. It was, in other words, a proper question for determination in plaintiff's original action. However, appellant left it to Gallagher and his counsel to handle the defense, apparently concluding that the exclusion provisions of the policy of insurance must necessarily be construed as barring liability on its part. It is significant that in notifying Gallagher of the reasons why the insurer would not defend the action for damages reliance was placed on the exclusion provisions hereinbefore quoted. It may not be said that the judgment rendered against Gallagher and Canfield was void. Appellant's claim in this respect is not well-founded.

Having elected to rely on the exclusion provisions of the contract of insurance appellant was not, and is not, entitled to assert other grounds as a defense to its liability in garnishment. In *Dickinson* v. *Homerich,* 248 Mich 634, which involved garnishment proceedings instituted for the collection of a default judgment, the garnishee defendant, which had issued an auto insurance policy to the principal defendant, refused to defend the case brought against the latter on the ground that the policy had lapsed. Apparently such was not the actual fact and the insurer undertook to defend the garnishment action on a number of other grounds. With reference thereto this Court said in its opinion (p 637):

"The defenses which the appellant sought to make based upon the failure of the insured to give written notice of the accident or to forward the summons when served upon him, or because of the claim that at the time of the accident the machine was being driven by an intoxicated person, were waived by the denial of any liability whatever at the time the insured sought to deliver the summons in this case to defendant's agent.

"The record shows that the insured sought to do this promptly. Mr. Chellis testified:

" 'When he came into my office with the summons, * * * I told him his policy had lapsed, that his policy was not in force. He acknowledged that he knew that it had lapsed. I told him his policy had been canceled, and he said he knew it.'

"Having thus based its nonliability solely upon the ground that the policy had lapsed, the circuit judge was right in holding that other defenses were waived by the insurance company. And such denial of liability constituted a waiver of other possible defenses notwithstanding the provision that the terms of the policy cannot be altered or waived except by written indorsement, et cetera. *Improved-Match Co.* v. *Michigan Mutual Fire Ins. Co.*, 122 Mich 256; 14 RCL p 1349."

The above decision was cited with approval in *Bowyer* v. *Professional Underwriters,* 269 Mich 87, 96. The holding is clearly consistent with the general rule stated in 29A Am Jur, Insurance, § 1497, p 606, as follows:

"As a general rule and in the absence of fraud and collusion, if a liability insurer who has a right to defend actions against the insured has timely notice of such an action and defends or elects not to defend, the judgment in such case is binding upon the insurer, as to issues which were or might have been litigated therein, when the insurer is later sued by the injured person. In several cases, it has been

held or stated that where an insurer conducts the defense of an action for personal injuries against the insured, it becomes bound by the judgment as to all matters at issue in such action even though it is not a formal party, so that it cannot subsequently deny that the claim was covered by its policy where the issue was settled adversely to it in the action for damages."

The trial judge was correct in his holding that the garnishee defendant could not challenge the validity of the judgment entered in the original action instituted by plaintiff, and that the defense should be limited to the issues indicated in the order above quoted. This brings us to the question whether the exclusion provisions of the policy should be interpreted as barring liability on the part of appellant. In relying on the exclusion clauses appellant assumed the burden of proof as to their application. In 29A Am Jur, Insurance, § 1854, p 918, it is said:

"If a risk is excepted by the terms of a policy which insures against other perils or hazards, loss from such a risk constitutes a defense which the insurer may urge, since it has not assumed that risk, and from this it follows, at least as a general rule, that an insurer seeking to defeat a claim because of an exception or limitation in the policy has the burden of proving that the loss, or a part thereof, comes within the purview of the exception or limitation set up. In other words, the principle generally applied by the courts is that if proof is made of a loss apparently within a contract of insurance, the burden is upon the insurer to prove that the loss arose from a cause of loss which is excepted or for which it is not liable, or from a cause which limits its liability."

The holding of this Court in *Roddis Lumber & Veneer Company* v. *American Alliance Insurance Company,* 330 Mich 81, 88, is in accord with the general rule quoted. Exclusion (a) applies in terms to

"business pursuits of an insured, other than activities therein which are ordinarily incident to nonbusiness pursuits." May it be said that in the perpetration of the act here in question Gallagher was engaged in any business pursuit? We think not. Clearly the act in question was not done in connection with any of Gallagher's regular duties on behalf of either of the corporations of which he was the general manager and sole stockholder. The attempted prank was not done in the course of business or for the purpose of expediting it.

Some emphasis is placed on exclusion (c) on the ground that in the instant case the firecracker was thrown intentionally. Unquestionably such was the case, but it will be noted that under the language of the excluding clause the *injury* must be caused "intentionally." There is nothing in this case to justify a conclusion that either Gallagher or Canfield intended to cause any physical harm to plaintiff. The language of the policy is binding on appellant, and if ambiguous it must be construed against appellant's claims in the instant controversy. It may not be interpreted as barring liability under the policy.

Neither may it be said on this record that exclusion (d) precludes recovery against the garnishee defendant. As before pointed out, the issue whether plaintiff and Gallagher were acting as fellow employees at the time of the occurrence in question might have been properly litigated in the original action which appellant refused to defend in accordance with its policy of insurance. It certainly cannot be said on this record that the judgment there rendered in favor of plaintiff was void. Whether the workmen's compensation law was applicable under the facts of the case could not rest properly on the basis of an assumption. Its determination required competent evidence. Insofar as exclusion (d) is concerned it

will be noted that it refers to an injury to an "employee of the insured." No claim is made in the instant case that plaintiff was an employee of Gallagher. Rather, it is appellant's theory that the 2 were fellow employees of the corporate employer.

We think that the trial judge correctly decided the issues presented in the case, and the judgment rendered is affirmed.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.