VERMONT MUTUAL INSURANCE COMPANY v DALZELL

1. PLEADING—COUNTERCLAIMS—COURT RULES.

Denial of a motion to file counterclaims was proper where the motion was brought for hearing only a few days before the trial was scheduled, the court found that the opposing parties would not have time adequately to respond and prepare for trial, the counterclaims would insert confusing issues into the case, and there was no valid reason why they could not have been filed earlier (GCR 1963, 203.2).

2. NEGLIGENCE—INTENTIONAL ACT—CONFLICT OF LAWS—INSURANCE.

Michigan law must be applied rather than Vermont law to determine whether a defendant's act of throwing a pumpkin from an overpass, with resulting injury to a passing motorist, constituted simple negligence, gross negligence, or was intentional, in an action by a Vermont insurance company against defendant resident of Vermont to determine rights and obligations under an insurance policy issued in Vermont, where the act occurred in Michigan and an action for damages was filed in Michigan.

3. INSURANCE—POLICY—CONSTRUCTION—EXCLUSION.

Any reasonable doubts or ambiguities in a policy of insurance which is drawn by the insurer is to be construed against the insurer and most favorably to the insured; language excluding coverage for "bodily injury * * * caused intentionally by * * * the insured" is construed to mean that there be both an intentional act and an intention to injure.

4. INSURANCE—INTENTIONAL ACT—INTENTIONAL INJURY.

A finding that an insured defendant intended to injure a motorist when he threw a pumpkin toward the motorist's vehicle was

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Counterclaim, Recoupment and Setoff §§ 29, 87, 96, 97.

[2] 7 Am Jur 2d, Automobile Insurance §§ 213–215.
    43 Am Jur 2d, Insurance § 38.

[3] 43 Am Jur 2d, Insurance § 257 *et seq.*

[4, 5] 44 Am Jur 2d, Insurance §§ 2071, 2072.

erroneous where there was no evidence presented to support the conclusion that there was intent to injure, and the defendant's testimony that he threw the pumpkin to frighten the motorist was not contradicted.

5. INSURANCE—INTENTIONAL ACT—INTENTIONAL INJURY.

An insurer was liable for payment for injuries caused by an insured where the homeowners policy in question excluded liability for injury caused intentionally by or at the direction of the insured and the insured's act of throwing a pumpkin at a vehicle was intentional but it was not shown that the insured intended to injure the motorist.

Appeal from Shiawassee, James M. Teahen, Jr., J. Submitted Division 2 October 9, 1973, at Lansing. (Docket Nos. 16026, 16027.) Decided April 29, 1974.

Complaint by Vermont Mutual Insurance Company against Earl Dalzell, Dana Larrow, and Franklin and Eleanor Larrow, seeking a declaratory judgment of nonliability under a homeowners insurance policy. Judgment for plaintiff. Defendants appeal. Reversed.

*William E. Jungerheld,* for plaintiff.

*Lilly, Fitzgerald & Smith,* for defendant Earl Dalzell.

*Shanahan & Scheid,* for defendants Dana Larrow, Franklin Larrow, and Eleanor Larrow.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

T. M. BURNS, P. J. Defendants appeal from a declaratory judgment entered in the form of a summary judgment in favor of the plaintiff insurer

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

finding that certain exclusions contained in a homeowners insurance policy made in Vermont and issued by the plaintiff precluded coverage for certain injuries inflicted upon a passing motorist by defendant Larrows' son.

The facts of the case are not in dispute. The contract of insurance in question was made in the State of Vermont between the plaintiff insurer, a Vermont corporation, and the Larrows, who were residents of Vermont. On October 31, 1965, the Larrows' 17-year-old son threw a 30–40 pound pumpkin over the side of a highway overpass in Shiawassee County, Michigan. The pumpkin struck a vehicle being driven by defendant Dalzell and shattered the windshield. As a result, Dalzell suffered serious facial and eye injuries. The youth was later apprehended and pled guilty to aggravated assault. Subsequently on December 19, 1968, defendant Dalzell filed suit in Shiawassee County Circuit Court against the Larrows for the damages incurred. A few days prior to the institution of Dalzell's suit, the plaintiff herein filed the instant declaratory judgment action for a determination of its rights and obligations under the Larrows' homeowners insurance policy. Meanwhile, plaintiff's counsel filed an appearance in the injury suit and thereafter filed an answer denying all liability on behalf of the Larrows. However, in June of 1971, plaintiff's counsel withdrew as attorney for the Larrows on the apparent ground that the declaratory judgment action sought to establish that the homeowners insurance policy freed plaintiff from any liability in the injury suit which obviated the need for the insurer's counsel. Defendant Dalzell's injury action was subsequently tried without a jury. On February 3, 1972, the trial court found no cause of action as to Franklin

and Eleanor Larrow, but found that their son's conduct was wilful and malicious. The trial court entered a judgment against the son in the amount of $75,000 plus interests and costs.

The declaratory judgment action was decided on November 21, 1972. The Shiawassee County Circuit Court found that the provision of the homeowners policy which excluded "bodily injury * * * caused intentionally by or at the direction of the Insured" or "caused intentionally by an Insured over the age of 12 years" operated to insulate the insurer from any liability in the personal injury suit brought by defendant Dalzell. During the pendency of the declaratory judgment action, the Larrows moved to file counterclaims against the plaintiff insurer for damages purportedly incurred as a result of the insurer's refusal to defend the personal injury action. These motions to file counterclaims were denied by the trial court. The issues raised on appeal will be discussed and decided in the manner presented below.

I

First, it is contended that the trial court erred by denying the Larrows' motion to file counterclaims against the plaintiff insurer for damages allegedly incurred as the result of the insurer's failure to defend the personal injury suit.

The filing of counterclaims is governed by GCR 1963, 203.2. In analyzing this rule, the authors of 1 Honigman & Hawkins, Michigan Court Rules Annotated have stated at p 479:

"The problem is one of trial administration: whether the proceedings will be unduly encumbered by unrelated matters or whether the entire matter can be handled more expeditiously in one proceeding rather

than several. The court is given power to manage the problem of trial convenience under sub-rules 203.4 and 505.2."

Here the counterclaims were filed on October 27, 1972, but were not noticed for hearing until November 13, 1972, only a few days before the trial was scheduled. The trial court denied the motion to file the counterclaims on the grounds that the motion was not made in a timely manner with the result that the opposing parties would not have sufficient time to adequately respond and prepare for trial, the counterclaims would insert confusing issues into the case, and that since the case had been pending for a number of years, there was no valid reason why the counterclaims could not have been filed earlier.

It is clear that the trial court was concerned with the effect the counterclaims would have on fundamental fairness and on trial administration. Under these circumstances we find no persuasive reason for disturbing the decision of the trial court.

II

The next issue centers upon whether the law of Vermont or the law of Michigan controls in determining the plaintiff's rights and obligations under the homeowners insurance policy.

In *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969), a vehicle licensed in Michigan, owned by a leasing company located in Michigan, driven by a Michigan resident, and carrying three passengers who were residents of New York, was involved in a mishap in Ontario, Canada. Two of the passengers subsequently brought suit against the Michigan driver and leasing company in

Wayne County Circuit Court. Since under the circumstances of the case, the passengers were barred by an Ontario statute from bringing suit as a matter of law, they argued that either the law of Michigan or the law of New York which both permitted recovery applied to the case. The circuit court disagreed, concluded that the law of the *lex loci delicti* applied, in this case Ontario, and consequently dismissed the suit. The circuit court's decision was affirmed by this Court. 11 Mich App 662; 162 NW2d 165 (1968). On appeal to the Supreme Court, our decision was affirmed; the Court also reiterated the well established rule that where a tort action is brought in Michigan, the substantive law of the jurisdiction where the tort occurred will govern the outcome of the suit.

Here the wrong occurred in Michigan. The suit for damages was brought in Michigan. We hold, therefore, that the measure of the conduct, that is, whether the act of throwing the pumpkin constituted simple negligence, gross negligence, or was intentional, and the ramifications of such decision will be determined by Michigan law.

Having concluded that Michigan law is applicable, we turn to the merits of the case. It is well settled that where, as here, the contract of insurance is drawn by the insurer, any reasonable doubts or ambiguities will be construed against the insurer and most favorably to the insured. *Gorham v Peerless Life Ins Co,* 368 Mich 335; 118 NW2d 306 (1962); *Morrill v Gallagher,* 370 Mich 578; 122 NW2d 687 (1963).

In *Morrill, supra,* a case strikingly akin to the one at bar, the defendant attempted to frighten the plaintiff by throwing a lit firecracker into a room occupied by the plaintiff. The firecracker exploded, and as a result plaintiff suffered a seri-

ous hearing impairment and also a nervous disorder. Plaintiff brought suit and recovered a judg-·ment of $35,000. At the time of the incident the defendant was insured under a homeowners policy containing an exclusionary clause similar to the one at issue in the present case which exempted the insurer from liability for "(c) * * * injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured". Defendant's insurer asserted that under the terms of the policy, it was not liable for plaintiff's injuries. The Michigan Supreme Court disagreed, and in holding the insurer liable, stated:

"Some emphasis is placed on exclusion (c) on the ground that in the instant case the firecracker was thrown intentionally. Unquestionably such was the case, but it will be noted that under the language of the excluding clause, the injury must be caused 'intentionally'. There is nothing in this case to justify a conclusion that either Gallagher or Canfield intended to cause any physical harm to plaintiff. The language of the policy is binding on appellant [insurer], and if ambiguous it must be construed against appellant's claims in the instant controversy. It may not be interpreted as barring liability under the policy." 370 Mich 588; 122 NW2d 691 (1963).

Such is the case here. The trial court found that the youth's act of throwing the pumpkin was intentional and there was abundant evidence presented to support this finding. In addition, however, the trial court found that the youth intended to injure the motorist, defendant Dalzell. This was error since there was no evidence presented to support the conclusion that the youth intended to injure Dalzell. Throughout the criminal and civil proceedings, the youth maintained that the pumpkin was thrown to strike in front of or alongside of defendant Dalzell's vehicle in order to frighten

him. This testimony stood uncontradicted. There-
fore, the finding of the trial court that there was
an intent to injure was clearly erroneous and
cannot be allowed to stand. GCR 1963, 517.1.

Inasmuch as under the terms of the homeowners
policy in question, the insurer is not insulated
from liability for intentional injuries unless there
was both an intentional act and an intent to
injure, *Morrill v Gallagher, supra,* and since there
was no evidence presented indicating that the
insured intended to injure defendant Dalzell, we
hold that the plaintiff is liable up to the limits of
the policy for the damage suffered by defendant
Dalzell.

Accordingly, the declaratory judgment of the
circuit court entered in favor of the plaintiff is
reversed.

All concurred.