GROUP INSURANCE COMPANY OF MICHIGAN v MORELLI

Docket No. 48065. Submitted June 18, 1981, at Detroit.—Decided
November 30, 1981.

Group Insurance Company of Michigan issued a homeowner's
policy containing an exclusion for "bodily injury and property
damage which is expected or intended from the standpoint of
the insured" to Daniel Morelli's parents, with whom he lived.
James B. Nesbitt brought an action against Morelli and others
seeking damages for bodily injury and alleging simple assault
and battery against Morelli. Group Insurance brought an ac-
tion in the Wayne Circuit Court against Morelli and Nesbitt for
a declaratory judgment that it had no duty to defend Morelli or
indemnify him in the assault case. The court, Robert J. Co-
lombo, J., granted accelerated judgment of dismissal, holding
that the issues involved could be resolved in the underlying
tort action. Plaintiff appealed and, while the appeal was pend-
ing, defendant Morelli was found liable for an assault and
battery in the underlying tort action. A judgment was rendered
in that action against Morelli. *Held:*

1. The trial court erred in dismissing the complaint for a
declaratory judgment. A declaratory judgment action is espe-
cially suitable and available to adjudicate before trial conflicts
arising between an insured and an insurer.

2. Remand to determine the issue of liability is unnecessary.
The underlying tort action resulted in a determination that
Morelli was liable for an intentional assault and battery. That
determination encompasses a corollary determination that he
must have intended the injury.

Reversed and remanded for entry of judgment for plaintiff
and assessment against Morelli of costs as to reasonable attor-
ney fees in defending the tort action.

INSURANCE — DECLARATORY JUDGMENTS.

A declaratory judgment action is especially suitable and available
to adjudicate before trial conflicts arising between an insured
and an insurer; a liability insurer is not barred from seeking a
declaratory judgment as to its liability to defend and indemnify

REFERENCE FOR POINTS IN HEADNOTE
22 Am Jur 2d, Declaratory Judgments § 40 *et seq.*

an insured prior to a trial on the claim for which insurance is claimed by the insured (GCR 1963, 521).

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by *Edwin F. Dyer, II),* and *Gromek, Bendure & Thomas* (by *James G. Gross),* of counsel, for plaintiff.

*Law Offices of Dennis G. Vatsis, P.C.,* for defendant Nesbitt.

Before: V. J. BRENNAN, P.J., and J. H. GILLIS and E. E. BORRADAILE,* JJ.

V. J. BRENNAN, P.J. The instant appeal is from the dismissal of a declaratory judgment action filed by plaintiff, Group Insurance Company of Michigan, to determine a question of insurance coverage for an assault committed by its insured, defendant Daniel Morelli, against defendant James B. Nesbitt on the ground that the issues involved in the instant case could be resolved in the underlying tort action between Nesbitt and Morelli.

The facts surrounding the controversy are not materially in dispute.

On or about February 23, 1976, Nesbitt was in the home of Gerald and Margaret Wilson visiting their daughter, Ellen Wilson. Nesbitt was presently dating Ellen and Morelli had previously dated her. While Nesbitt was there, Morelli entered the Wilson home, walked over to where Nesbitt was seated and kicked him. The kick hit Nesbitt in the face and broke his nose.

In 1977, Nesbitt filed a civil complaint against the Wilsons for injuries caused by their failure to maintain a reasonably safe environment for him while he was an invitee in their home. Nesbitt

* Circuit judge, sitting on the Court of Appeals by assignment.

subsequently filed an amended complaint, adding Morelli as a defendant. The amended complaint charged Morelli with a simple count of assault and battery.

Morelli, in turn, tendered to plaintiff insurance company the defense of the tort action under a homeowner's policy issued to his parents.

Thereafter, plaintiff insurance company filed the instant complaint for declaratory judgment seeking a "before trial" determination of its duty to defend and indemnify defendant Morelli in the aforementioned civil action for assault and battery between Nesbitt and Morelli. Plaintiff posited its request to determine liability upon the following exclusion provision of the policy:

"*EXCLUSIONS*
"This policy does not apply:
"1. UNDER COVERAGE E—PERSONAL LIABILITY AND COVERAGE F—MEDICAL PAYMENTS TO OTHERS:

* * *

"(f) to bodily injury or property damage which is expected or intended from the standpoint of the insured."

Plaintiff, by requesting the declaratory relief, sought an early resolution of the key issue of whether the bodily injury sustained by Nesbitt was "expected or intended" by Morelli when he kicked Nesbitt in the nose, and, thus, sought an early determination of whether its liability to the insured was excluded by the pertinent exclusion provision of the policy.

Defendant Morelli countered by filing a motion for summary judgment. In the motion, defendant Morelli averred that plaintiff had an absolute duty to defend and that the intent or expectation to

injure could only be decided by the trier of fact in the principal tort case.

At the subsequent hearing, the trial court chose to treat defendant Morelli's motion for summary judgment as a motion for accelerated judgment. Accordingly, on the rationale that another action was pending between the same parties involving the same issues, the trial court dismissed plaintiff's declaratory suit. The trial court reasoned that all the issues pertaining to defendant's intent, and hence, the contingent issues of the insurance company's duty to defend and indemnify, could and should be resolved in the principal tort action.

Plaintiff thereafter filed the instant appeal. During the pendency of this appeal, the underlying tort action was litigated to a judgment and defendant Morelli was found liable for an assault and battery. Plaintiff provided the defense for defendant in the tort action.

On appeal, the issue submitted to this Court for our determination is whether the trial court abused its discretion by granting an accelerated judgment dismissing a declaratory judgment action brought by a liability insurer seeking an advanced determination of whether it was obligated to defend and to indemnify its insured for any personal injuries inflicted on a third party when the basis for the trial court's decision was that the issues of the insured's intent could be determined in the principal tort action for assault and battery pending between the insured and the third party. Stated alternatively, the question is whether an insurer can seek an early resolution of liability coverage for an intentional tort committed by its insured by bringing an action for declaratory judgment prior to trial on the principal tort action or whether the insured is relegated to hav-

ing these issues resolved in the principal tort action or some later post-judgment proceeding. Plaintiff contends that it is both legally proper and equitably beneficial for an insurer to challenge issues affecting policy coverage prior to and independent of the trial on the principal tort action by invoking the procedural device of a declaratory judgment action. It contends that in the case of intentional torts, to force the insurer to litigate this issue while simultaneously defending the insured is to judicially create and sanction an intolerable potential conflict of interest between itself and its insured.

We agree with plaintiff. A declaratory judgment action is especially suitable and available to adjudicate before trial conflicts arising between an insured and an insurer. As noted in the authors' comments to GCR 1963, 521, concerning the provision in the rule allowing a declaratory judgment action despite the existence of another adequate remedy, and how this provision broadened the construction given in the declaratory judgment act, the authors state as follows:

"One type of case which will be affected by this change is that of the liability insurer seeking declaratory relief on a disputed issue of coverage. In earlier cases, automobile liability insurers were denied judgments declaring their liability under policies on the ground that the question could be determined in an action against the insurer after the determination of the insured's liability. *Wolverine Mutual Motor Ins Co v Clark,* 277 Mich 633; 270 NW 167 (1937); *State Farm Mutual Auto Ins Co v Wise,* 277 Mich 643; 270 NW 165 (1937). Actually, the alternative remedy was never satisfactory, given a close question as to whether the accident came within the coverage of the policy. The practical effect of denying declaratory relief was to force the liability insurer to conduct the defense on

behalf of the insured when he was sued by the injured party, even though it might subsequently be determined that the insured was not covered. It is for this very reason that cases of this type have consistently been recognized as appropriate subjects for declaratory relief in other jurisdictions. A recent study in New York showed that the number of cases asking for a declaratory judgment in the limited field of liability coverage outnumbered all other cases asking for declaratory relief. See 1 Defense Research Institute for the Defense, No 7 (November, 1960)." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 687.

Consequently, our literature abounds with case law where the insured or insurer has sought a declaratory action to determine disputed issues of coverage. See *Meirthew v Last,* 376 Mich 33, 36; 135 NW2d 353 (1965), *Hawkeye Security Ins Co v Shields,* 31 Mich App 649; 187 NW2d 894 (1971), *Vermont Mutual Ins Co v Dalzell,* 52 Mich App 686; 218 NW2d 52 (1974), *Security Ins Co of Hartford v Daniels,* 70 Mich App 100; 245 NW2d 418 (1976), *Western Fire Ins Co v J R Snyder, Inc,* 76 Mich App 242; 256 NW2d 451 (1977), *lv den* 402 Mich 822 (1977).

Thus, we affirm the correctness of plaintiff's legal argument that the trial court erred in dismissing the declaratory action seeking a "before trial" determination of its duty to defend and indemnify. However, the present posture of the case makes it unnecessary to remand the instant case for a jury determination of the issue of policy coverage. During the pendency of the instant appeal, the underlying tort action between Nesbitt and Morelli was litigated to judgment with a determination that Morelli was liable for the intentional assault and battery. Plaintiff provided the defense for defendant Morelli. Under the facts and circumstances of the underlying trial, we are

persuaded that the factual finding that defendant committed the intentional tort of assault and battery also encompasses the corollary finding that the defendant must have intended the injury.

While we recognize that there is case law which draws a distinction between intended tortious acts and unintended tortious results, we agree with the reasoning set forth in *Kermans v Pendleton,* 62 Mich App 576, 580; 233 NW2d 658 (1975), that this distinction is without a difference in the instant case.

> "There was no allegation of self-defense or accident on behalf of the Principal Defendant, and this Court has no difficulty in determining that where there is no allegation of provocation, negligence or accident, that the pointing of a firearm at another human being and discharging same is of itself an intentional act, and one whereby the actual result could be anticipated, and thus outside the scope of the instant policy. See *Burton v Travelers Ins Co,* 341 Mich 30 [67 NW2d 54] (1954), and *Putman v Zeluff,* 372 Mich 553 [127 NW2d 374] (1964)." *Kerman, supra,* 580.

The above rationale and cited authorities are equally applicable to the instant case. The injury sustained by Nesbitt was the natural, foreseeable, expected and anticipatory result of the intentional act of Morelli. As such, we find that both the act and injury were intentional and, thus, within the exclusion provision of the policy coverage. Hence, plaintiff had no duty to defend or indemnify defendant.

The dismissal of the declaratory action is reversed and the case is remanded for entry of judgment in favor of plaintiff. Costs as to expense of reasonable attorney fees in defending the tort action are to be assessed against defendant Morelli.

E. E. BORRADAILE, J., concurs in result only.