FARM BUREAU MUTUAL INSURANCE COMPANY v
RADEMACHER

Docket No. 70192. Submitted April 16, 1984, at Lansing.—Decided
June 5, 1984.

Plaintiff, Farm Bureau Mutual Insurance Company, brought a
declaratory judgment action in the Ingham Circuit Court seek-
ing a determination of whether it had a duty to defend defen-
dant David Rademacher or pay any judgment that might be
rendered against him in another circuit court action by defen-
dant Christopher Eberhart against David Rademacher for dam-
ages for injuries sustained as a result of an alleged intentional
assault and battery. Defendants David and Julie Rademacher
were named insureds under a homeowner's insurance policy
issued by Farm Bureau which contained a provision excluding
coverage for injuries caused intentionally by the insured. The
trial court, Thomas L. Brown, J., determined and ordered that
Farm Bureau had no duty to defend or pay any judgment
rendered against David Rademacher. Defendant Eberhart ap-
peals. *Held:*

The trial court did not clearly err in inferentially finding
that the injury to Eberhart was intentionally caused after
noting that when one suffers a broken jaw from being hit on
the jaw, the injury is a natural, probable, foreseeable, and
expected result.

Affirmed.

APPEALS — NONJURY TRIALS — RECORD — COURT RULES.
The Court of Appeals, in reviewing the findings of a trial court
sitting as a trier of fact, must review the record to determine
whether it supports the trial court's findings (GCR 1963, 517.1).

*Edward B. Davison,* for Farm Bureau Mutual
Insurance Company.

*Richard R. Rashid,* for Christopher Eberhart.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 839 *et seq.*

Before: D. E. HOLBROOK, JR., and CYNAR and T. GILLESPIE,* JJ.

PER CURIAM. Defendant Christopher Eberhart appeals as of right from a declaratory judgment entered in favor of Farm Bureau Mutual Insurance Company.

In a separate circuit court action, Christopher Eberhart filed a complaint in the case of *Eberhart v Rademacher* alleging that defendant David Rademacher intentionally assaulted and battered Christopher Eberhart, which intentional assault and battery resulted in a broken jaw. Thereafter, the instant declaratory judgment action was commenced to determine whether Farm Bureau Mutual Insurance Company had a duty to defend Rademacher or pay any judgment that might be rendered against him in the principal action. On the date of the alleged assault, David and Julie Rademacher were named insureds under a homeowner's insurance policy issued by Farm Bureau. The policy of insurance contained a provision excluding coverage for injuries caused intentionally by the insured. That exclusion, and the liability provisions to which it refers, are as follows:

"Section II
"Comprehensive Personal Liability Insuring Agreements
    "Coverage A—personal liability.
    "This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury * * * to which this insurance applies, caused by an occurrence."
    "III. Definitions—Section II
                          * * *
    "e. Occurrence: Means an accident, including injuri-

---

* Circuit court judge, sitting on the Court of Appeals by assignment.

ous exposure to conditions, which results, during the policy term, in bodily injury or property damage."

"Exclusions—II

"This policy does not apply:

\* \* \*

"(c) Under Coverages A, B and C, to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured."

The only evidence introduced at the hearing on the complaint for declaratory judgment consisted of the discovery depositions of defendants Rademacher and Eberhart. On the evening of the complained-of assault, the Rademachers and their daughter were returning home in their van after attending a movie. As the van was being driven, it was struck by one or more snowballs. Rademacher turned his van around and entered a parking lot, approching three persons. One of them ran away. Rademacher threw Eberhart to the ground and hit the other person with his fist.

What followed, according to Rademacher, was that, as Eberhart attempted to stand up, Rademacher struck him with a downward punch to the jaw. According to Eberhart, Rademacher pulled him up and then hit him in the jaw.

The trial judge observed that, under either scenario, when one suffers a broken jaw from being hit on the jaw, the injury is a natural, probable, foreseeable, and expected result.

After considering the evidence and applicable case law, the trial court found the exclusionary policy language applicable, and entered an order declaring that Farm Bureau had no duty to defend or pay any judgment rendered against Rademacher in the principal action.

Since the trial court sat as trier of fact, this Court must review the record to determine

whether it supports the trial court's findings. GCR 1963, 517.1.

We have reviewed the cases cited by the trial court and the parties: *Morrill v Gallagher,* 370 Mich 578; 122 NW2d 687 (1963), *Putman v Zeluff,* 372 Mich 553; 127 NW2d 374 (1964), *Vermont Mutual Ins Co v Dalzell,* 52 Mich App 686; 218 NW2d 52 (1974), *Kermans v Pendleton,* 62 Mich App 576; 233 NW2d 658 (1975), and *Group Ins Co of Michigan v Morelli,* 111 Mich App 510; 314 NW2d 672 (1981).

The findings in *Morrill* and *Vermont Mutual* were that the injury was not intended. In *Morrill,* the defendants attempted to frighten the plaintiff by throwing a lit firecracker into a room occupied by the plaintiff. As a result of the firecracker exploding, plaintiff suffered a serious injury. Our Supreme Court, in holding the insurer liable, stated:

"Some emphasis is placed on exclusion (c) on the ground that in the instant case the firecracker was thrown intentionally. Unquestionably such was the case, but it will be noted that under the language of the excluding clause, the *injury* must be caused 'intentionally'. There is nothing in this case to justify a conclusion that either Gallagher or Canfield intended to cause any physical harm to plaintiff. The language of the policy is binding on appellant [insurer], and if ambiguous it must be construed against appellant's claims in the instant controversy. It may not be interpreted as barring liability under the policy." *Morril, supra,* p 588. (Emphasis in original.)

In *Vermont Mutual,* a 17-year-old boy threw a pumpkin from an overpass. It struck a vehicle, shattering the windshield and seriously injuring the driver. The Court of Appeals said:

"The trial court found that the youth's act of throwing the pumpkin was intentional and there was abundant evidence presented to support this finding. In addition, however, the trial court found that the youth intended to injure the motorist, defendant Dalzell. This was error since there was no evidence presented to support the conclusion that the youth intended to injure Dalzell. Throughout the criminal and civil proceedings, the youth maintained that the pumpkin was thrown to strike in front of or alongside of defendant Dalzell's vehicle in order to frighten him. This testimony stood uncontradicted. Therefore, the finding of the trial court that there was an intent to injure was clearly erroneous and cannot be allowed to stand. GCR 1963, 517.1." *Vermont Mutual, supra,* pp 692-693.

The trier of fact in *Putman* found intent to fire a gun to stop the onrush of a dog by shooting in the direction of the animal, but found no intent to destroy the dog.

Our Court ruled in *Kermans* that the trial court correctly held the exclusion applicable, quoting the trial court:

" 'There was no allegation of self-defense or accident on behalf of the principal defendant, and this court has no difficulty in determining that where there is no allegation of provocation, negligence or accident, that the pointing of a firearm at another human being and discharging same is of itself an intentional act, and one whereby the actual result could be anticipated, and thus outside the scope of the instant policy.' " *Kermans, supra,* p 580.

In another declaratory judgment action, *Group Ins Co of Michigan v Morelli, supra,* James Nesbitt was visiting at the home of his girlfriend, Ellen. Ellen had previously dated Daniel Morelli. While Nesbitt was visiting, Morelli entered Ellen's home

and kicked Nesbitt in the face, breaking his nose. The Court stated:

"The above rationale and cited authorities are equally applicable to the instant case. The injury sustained by Nesbitt was the natural, foreseeable, expected and anticipatory result of the intentional act of Morelli. As such, we find that both the act and injury were intentional and, thus, within the exclusion provision of the policy coverage. Hence, plaintiff had no duty to defend or indemnify defendant." 111 Mich App 516.

Consistent with our prior decisions in *Kermans* and *Group Ins Co of Michigan,* we hold that the trial court's inferential finding that the injury to Eberhart was intentionally caused was not clearly erroneous.

Affirmed.