FARM BUREAU GENERAL INSURANCE COMPANY OF
MICHIGAN v RIDDERING

Docket No. 101911. Submitted June 8, 1988, at Grand Rapids. Decided
November 7, 1988.

Mary Kay Jaarsma and Irene Riddering were injured in a one-car
accident when Riddering, who was seated on the front passen-
ger seat, grabbed the steering wheel from Jaarsma, who was
driving the automobile, causing Jaarsma to lose control of the
automobile and hit a tree. At the time of the accident Jaarsma
was covered by a no-fault automobile policy issued by State
Farm Automobile Insurance Company and Riddering was cov-
ered by a no-fault policy issued to her father by Farm Bureau
General Insurance Company of Michigan and a homeowner's
policy issued to her parents by Pioneer State Mutual Insurance
Company. Mary Kay and James Jaarsma brought an action
against Riddering seeking damages for injuries sustained in the
accident. Farm Bureau then brought an action in Kent Circuit
Court seeking a declaration as to whether it owed a duty to
defend Riddering under its policy. The insurers and the rest of
the parties to Farm Bureau's action agreed to let the trial court
decide what liability, if any, each of the insurers had under its
respective policy. The trial court, George V. Boucher, J., ruled
that neither Farm Bureau nor State Farm was responsible for
Riddering's defense and that the duty fell on Pioneer State
under the terms of its homeowner's policy. Pioneer State ap-
pealed.

The Court of Appeals *held:*

1. Since Pioneer State did not file a cross-claim against State
Farm or Farm Bureau, it is not an aggrieved party which can
challenge the trial court's rulings relative to State Farm's and
Farm Bureau's responsibilities under their respective policies.

2. The Pioneer State policy exclusion for liability for bodily
injury or property damage arising out of the operation or use of
a motor vehicle does not apply in this case. Riddering was not
operating or using a motor vehicle when she grabbed the

REFERENCES

Am Jur 2d, Insurance § 727.
See the Index to Annotations under Homeowners' Insurance.

steering wheel from Jaarsma, but was merely interfering with Jaarsma's operation of the vehicle. Operation includes control over all the parts that allow the vehicle to move, not just the steering function.

3. The Pioneer State policy exclusion for bodily injury or property damage which is expected or intended from the standpoint of the insured does not apply in this case. The trial court correctly decided that the facts in this case would not support a finding that Riddering intended the injury to Mary Kay Jaarsma.

Affirmed.

INSURANCE — HOMEOWNER'S INSURANCE — EXCLUSIONS — OPERATION OR USE OF A MOTOR VEHICLE.

An individual, who is insured under a homeowner's policy which excludes from coverage liability for bodily injury or property damage arising out of the operation or use of a motor vehicle, does not operate or use a motor vehicle where, while a passenger in an automobile driven by another, he grabs the steering wheel from the driver so as to interfere with the driver's operation of the automobile; the insurer of such individual is under a duty to defend its insured from an action brought against the insured for any resulting injury or damage.

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for Farm Bureau General Insurance Company of Michigan.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Robert L. DeJong* and *James A. Wesseling*), for Pioneer State Mutual Insurance Company.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*), for State Farm Mutual Automobile Insurance Company.

Before: MAHER, P.J., and MURPHY and R. B. BURNS,* JJ.

MURPHY, J. Plaintiff brought this action for declaratory judgment to determine which insur-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ance company was responsible for Irene Riddering's defense in any judgment rendered in an action brought by James and Mary Kay Jaarsma for damages arising out of a motor vehicle accident. The parties stipulated to the facts as established in the depositions of the parties and witnesses and to the existence and terms of the three policies of insurance.

The underlying basis of this action involved a one-car motor vehicle accident occurring on or about May 4, 1985, just after midnight. Just before the accident, Mary Kay Jaarsma was driving herself, Ms. Riddering and three other individuals home from a party held at a friend's house. Ms. Jaarsma was driving the vehicle, sitting in the driver's seat, while Ms. Riddering occupied the front passenger seat. The other three passengers were all sitting in the back seat of the Jaarsma vehicle. Ms. Riddering appeared to be fairly intoxicated that night.

There was some discussion that the group would go to Ms. Riddering's house for breakfast and Ms. Jaarsma was driving in that general direction. As Ms. Jaarsma was driving, she either passed the street needed to get to Ms. Riddering's house or Ms. Riddering decided she wanted to go somewhere else. At that point Ms. Riddering grabbed the top of the steering wheel away from Ms. Jaarsma with both hands and turned it sharply to the left. Ms. Riddering maintained a hold on the wheel for approximately thirty seconds and, as a result of Ms. Riddering's actions, the vehicle went off the road, through some bushes and collided with a tree. The injuries sustained by the two front seat passengers were quite severe, including numerous fractures.

At the time of the accident, the Jaarsma vehicle was insured through State Farm Mutual Automo-

bile Insurance Company. Ms. Riddering was covered by her father's automobile policy through Farm Bureau General Insurance Company of Michigan. Ms. Riddering was also residing in her parents' home and, therefore, was included under her parents' homeowner's policy with Pioneer State Mutual Insurance Company.

Although Farm Bureau instituted the present action only to ascertain its duty to defend and its liability under the automobile policy issued to Ms. Riddering's father, the parties agreed that the trial court, for the sake of judicial economy, should decide what liability, if any, each of the insurers had under its respective policy.

On December 17, 1986, this action was submitted to the trial court for decision. The court ruled that neither Farm Bureau nor State Farm was responsible for Ms. Riddering's defense under their respective automobile insurance policies. A partial judgment was entered, based upon the trial court's ruling from the bench, for State Farm and Farm Bureau. The coverage question posed by Pioneer State regarding its homeowner's policy was taken under advisement. On March 18, 1987, the trial court issued its supplemental opinion on the question pertaining to Pioneer State's homeowner's policy, finding that policy did, in fact, cover Ms. Riddering's actions. The trial court's supplemental opinion was ultimately reduced to a declaratory judgment and it is from this judgment that Pioneer State appeals as of right.

On appeal, Pioneer State attempts to challenge the lower court's rulings relative to State Farm's and Farm Bureau's responsibilities to either the injured party, Ms. Jaarsma, or Ms. Riddering. However, Pioneer State did not file a cross-claim in the action below against State Farm or Farm Bureau. As such, Pioneer State was not an ag-

grieved party under the court's ruling as it pertained to State Farm and Farm Bureau. The only aggrieved parties under this ruling were Ms. Jaarsma or Ms. Riddering. It is well recognized that "one party can not claim another party's appellate opportunities." *Kewin v Bd of Ed of the Melvindale-Northern Allen Park Public Schools,* 65 Mich App 472, 483; 237 NW2d 514 (1975). See also *Winters v National Indemnity Co,* 120 Mich App 156, 159; 327 NW2d 423 (1982); MCR 7.203(A).

Since we lack jurisdiction to review arguments raised by Pioneer State pertaining to the automobile policies of State Farm and Farm Bureau, we limit our review to issues raised by Pioneer State that involve the interpretation of Pioneer State's homeowner's policy and the court's ruling regarding the insurance policy.

Pioneer State seeks to avoid liability under its homeowner's policy, claiming that certain exclusions under its policy should apply because Irene Riddering was operating or using the Jaarsma vehicle at the time of the accident or that Irene Riddering's intentional conduct excludes her from coverage under the policy. The trial court disagreed and so do we.

The trial court in its opinion ruled as follows:

Admitting that Miss Riddering is an insured for purposes of personal liability coverage under its homeowner's policy, Pioneer relies on the following two exclusions:

"This policy does not apply:

"1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

"a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

* * *

"2. Any motor vehicle owned or operated by, or rented or loaned to any Insured;

\* \* \*

"f. to bodily injury or property damage which is either expected or intended from the standpoint of the Insured."

The Court cannot conclude that when a passenger without invitation or excuse grabs the steering wheel out of the driver's hand she can reasonably be described as operating or using the vehicle for purposes of the first exclusion. *State Farm Mutual Automobile Insurance Company v White* [60 Or App 666; 655 P2d 599 (1982)]; *West American Insurance Company v Silverman,* 378 So 2d 28 (Fla App, 1979).

Nor is it reasonable to conclude that such a passenger, by all testimony intent only on turning the vehicle around, intended bodily injury for purposes of the second exclusion. *Putnam v Zeluff,* 372 Mich 553 [127 NW2d 374] (1964); *Morrill v Gallagher,* 370 Mich 578 [122 NW2d 687] (1963); *Vermont Mutual Insurance Company v Dalzell,* 52 Mich App 686 [218 NW2d 52] (1974). The assault and battery and intentional trespass cases relied upon by Pioneer are not apposite.

We have been unable to find any reported Michigan cases which address the issue of whether the grabbing of a steering wheel by a passenger constitutes the "operation" of a motor vehicle. Our research indicates that there is a split of authority in other jurisdictions. Two states which have considered similar conduct have determined that operation occurred. See *United States Fidelity & Guaranty Co v Hokanson,* 2 Kan App 2d 580; 584 P2d 1264 (1978); *State Farm Mutual Automobile Ins Co v Larsen,* 62 Ill App 3d 1; 18 Ill Dec 582; 377 NE2d 1218 (1978). On the other hand, two other states have held that grabbing the steering wheel by a passenger did not constitute "operating" a motor

vehicle. See *West Bend Mutual Ins Co v Milwaukee Mutual Ins Co,* 384 NW2d 877 (Minn, 1986); *State Farm Mutual Automobile Ins Co v White, supra.*

We are persuaded by the logic of the two latter opinions and believe that such reasoning should be applied to the facts of this case.

In *State Farm v White, supra,* the defendant was a back seat passenger of an automobile along with three other persons. While riding in a vehicle traveling along a highway at about fifty-five miles per hour, the defendant reached over the driver's seat, grabbed and yanked on the steering wheel and said, "Let's get crazy." As a result, the driver lost control and struck a median. The defendant sought coverage under her parents' homeowner's policy. The policy had language very similar to the policy in this case, excluding coverage for injuries and damages arising out of the use of a motor vehicle operated by an insured. The court in that case concluded that coverage under the homeowner's policy was in fact available because the defendant was not operating or using the vehicle, but interfered with the driver's use:

> The point of the foregoing illustrations is to demonstrate that what Miss White was doing was interfering in the operation of a motor vehicle, not "operating" it. She was not sitting in the operator's seat; she did not have her foot on, or even have access to, either the brake or the accelerator. All the controls of the auto, other than the means of direction, were being physically controlled by Miss Morgan. By no stretch of the imagination was Miss White "operating" a motor vehicle in the usual and accepted sense of the word. [60 Or App 672.]

We are particularly persuaded by the logic of

the court's opinion in the above case. Operation includes more than simple control as Pioneer State seems to argue on appeal. While Ms. Riddering did exercise some control over the vehicle by grabbing the steering wheel, steering is only part of operating a vehicle. Operation necessarily includes the additional functions of controlling the gas and brake pedals and all other components necessary to make a vehicle run. Operation includes control over all the parts that allow the vehicle to move, not just the steering function. Obviously, one cannot operate a vehicle only with the steering—there must be acceleration to get anywhere and there must be braking to stop the vehicle, along with control over other key components, such as the engine.

We can reach no other logical conclusion on the facts of this case than that Ms. Riddering interfered with the operation of the vehicle while it was being operated by Ms. Jaarsma. Ms. Jaarsma unequivocally testified at her deposition that Ms. Riddering's actions were a surprise and without consent or permission and the trial court so found. It logically follows that Ms. Riddering's actions, in order to constitute operation or use, had to be with Ms. Jaarsma's consent or permission, because Ms. Jaarsma was operating the vehicle at the time while occupying the driver's seat. Without this needed consent, Ms. Riddering's actions did not constitute operation of the vehicle, but, rather, interference with its operation.

Pioneer State further argues that under previous decisions from this Court "use" is to be broadly construed, citing *Michigan Mutual Liability Co v Ohio Casualty Ins Co,* 123 Mich App 688; 333 NW2d 327 (1983). Pioneer State, however, fails to recognize the distinction between construing language in an insurance policy broadly to effectu-

ate legislative policy and the basic rule of insurance contract construction that policy language creating exclusions from coverage are to be strictly construed against the insurer. *Kalamazoo Aviation, Inc v Royal Globe Ins Co,* 70 Mich App 267, 270; 245 NW2d 754 (1976), lv den 399 Mich 871 (1977). Consistent with this rule, the terms "operation" and "use" should be narrowly interpreted against the insurance company that prepared the contract.

We believe the trial court properly decided that Ms. Riddering's actions constituted neither use nor operation of the vehicle under Pioneer State's homeowner's policy, but, rather, constituted interference with Ms. Jaarsma's operation of the vehicle. The trial court correctly concluded that Pioneer State had a duty to defend and account for any judgment up to policy limits rendered against Ms. Riddering.

Likewise, we believe the trial court correctly decided that the facts in this case would not support a finding that Ms. Riddering intended the injury to Ms. Jaarsma; therefore, coverage under the policy should not be excluded simply because the facts may have supported the conclusion that Ms. Riddering intended the act which precipitated the injury. *Vermont Mutual Ins Co v Dalzell,* 52 Mich App 686; 218 NW2d 52 (1974), lv den 392 Mich 803 (1974).

Although there was testimony in this case that Ms. Riddering intentionally grabbed the steering wheel, there was no testimony or even allegation that she intended to cause harm to the passengers, including herself. Moreover, the "expected" language in the exclusionary clause also does not save this exception for Pioneer State. There was no support on the record for the argument that Ms. Riddering expected the car to go off the road and

cause injuries. It also is not reasonable to infer that, by her grabbing the steering wheel, the injuries sustained by Ms. Riddering and the other passengers were the natural, foreseeable, expected and anticipatory result. See *State Farm Fire & Casualty Co v Jenkins,* 147 Mich App 462, 467-468; 382 NW2d 796 (1985).

In summary, the trial court did not err in concluding that Pioneer State's exclusion for intentional acts did not apply to Ms. Riddering. Pioneer State did not support its position that the injuries caused by Ms. Riddering were either intended or expected.

Affirmed.