MICHIGAN MUTUAL LIABILITY COMPANY *v.* FERGUSON

1. INSURANCE—BUSINESS ACTIVITY—NEGLIGENCE—EXCLUSION.

> Where defendant-insured carelessly threw away the handle of a shovel which had broken while he was removing snow from the roof of his business premises, causing damage to a nearby building when the handle came in contact with high tension wires, and his policy excluded coverage for his business property or any business pursuits in connection with this solely-owned business, except activities therein which are ordinarily incident to nonbusiness pursuits, the negligent act of throwing away the handle is not incident to a business pursuit, even though done while on business premises, and is within the exception providing coverage for activites which are ordinarily incident to nonbusiness pursuits.

2. SAME—NONDEFINED PREMISES CONTROLLED BY INSURED—EXCLUSION.

> Where defendant-insured carelessly threw away the handle of a shovel which had broken while he was removing snow from the roof of his business premises, causing damage to a nearby building when the handle came in contact with high tension wires, and his policy excluded coverage for acts "in connection with" premises which are owned, rented or controlled by the insured other than those defined in the policy, the act was not an act "in connection with" the premises, and unless proved to be so by the insurer, upon whom the burden of proof rests, coverage applies, although the negligent act of throwing away the broken handle took place on nondefined premises controlled by the insured.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29A Am Jur, Insurance § 1361.
[2, 3] 29A Am Jur, Insurance § 1854.

3. SAME—POLICY—EXCLUSION—BURDEN OF PROOF.
    The burden of proof of the applicability of an exclusionary clause
       rests with the insurer.

Appeal from Manistee, Stephens (Rupert B.), J. Submitted Division 3 October 10, 1968, at Grand Rapids. (Docket No. 4,801.) Decided December 24, 1968. Leave to appeal denied April 9, 1969. See 381 Mich 813.

Complaint by Michigan Mutual Liability Company and Detroit Automobile Inter-Insurance Exchange, as subrogees respectively of Leslie F. Catlow and A. & A. Service Company, to recover damages resulting from the negligence of Ray Ferguson and Consumers Power Company. Judgment for plaintiffs against defendant Ferguson. Complaint in garnishment against the American States Insurance Company, a foreign corporation, liability insurer of defendant Ferguson, to obtain payment of the judgment. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Schmidt, Smith & Howlett,* for plaintiff.

*Hathaway, Latimer, Clink & Robb (Charles H. Rawlings,* of counsel), for defendant-appellant.

LESINSKI, C. J. Plaintiffs-appellees, Michigan Mutual Liability Company and Detroit Automobile Inter-Insurance Exchange, sued as subrogees of Leslie F. Catlow and A. & A. Service Company, respectively. In their original action the plaintiffs obtained a judgment against the principal defendant, Ray Ferguson, after proving that his negligence caused extensive damage to their subrogors. The negligent act allegedly occurred when Ferguson at-

tempted to remove snow from the roof of his business place with a broken shovel, the handle of which had been repaired with aluminum wire. While Ferguson was shoveling, the shovel handle broke for the second time and Ferguson attempted to discard the handle by throwing it over the rear of his building. However, the handle, with the aluminum wire attached, struck high tension power lines, allegedly sending high voltage into and damaging the Catlow building and two automobiles of A. & A. Service Company. In the action below which is the subject of this appeal, plaintiffs sought to garnish defendant's liability insurer to obtain payment of the original judgment.

The only question before this Court is whether or not defendant's insurer, American States, is liable as garnishee under defendant's homeowner's policy.

Two policy exclusions are controlling in determining liability and essentially provide as follows:

(1) The policy does not apply to any business property of an insured or any business pursuits in connection with a business solely owned by an insured, other than in activities therein which are ordinarily incident to nonbusiness pursuits, and

(2) The policy does not apply to any act or omission in connection with premises, other than as defined in the policy, which are owned, rented or controlled by an insured.

The garnishee-insurer contends that since Ferguson was removing snow from his *business* premises, Ferguson was engaged in a business activity on business property within the meaning of the first exclusion. We disagree. The fact that the activity involved occurred on business property of the insured does not so causally connect that activity with the negligent act as to bring it within the ambiguous exclusion. *Richland Knox Mutual Insurance Co.* v.

*Kallen* (CA 6, 1967), 376 F2d 360; *Francis v. Scheper*
(1949), 326 Mich 441. The exception providing cov-
erage for activities which are "ordinarily incident
to nonbusiness pursuits" strongly suggests appli-
cability of the policy to nonbusiness activities even
when occurring on business property. Also, the
exclusion is inapplicable because the immediate
activity involved, throwing a shovel handle off the
roof in order to discard it, was not proved incident
to a business pursuit. See *Morrill v. Gallagher*
(1963), 370 Mich 578; *Edwards v. Trahan* (La App,
1964), 168 So 2d 365; *State Farm Fire & Casualty
Co. v. MacDonald* (1967), 87 Ill App 2d 15 (230
NE2d 513); *Gulf Insurance Co. v. Tilley* (ND Ind,
1967), 280 F Supp 60.

In *Morrill,* the insured negligently caused a fire-
cracker to explode in a business place where plaintiff
and insured were employed. Under an exclusion
practically identical to that involved in the instant
case, the Court found the insurer liable, stating (p
588):

"May it be said that in the perpetration of the
act here in question Gallagher was engaged in any
business pursuit? We think not. Clearly the act
in question was not done in connection with any of
Gallagher's regular duties on behalf of either of the
corporations of which he was the general manager
and sole stockholder. The attempted prank was not
done in the course of business or for the purpose of
expediting it."

Similarly, in the instant case, the trial court properly
found that the insured's rash act of throwing the
shovel handle was not done in furtherance of his
business activities.

Under the second exclusion, the garnishee-insurer
contends the policy is inapplicable because the activ-

ity occurred on premises not defined in the policy but owned or controlled by the insured. While we agree that the negligent act of throwing the broken handle took place on the roof of nondefined premises controlled by the insured, we find that the act was not proved to be "in connection with" the premises as required under the exclusion. The burden of proof of the applicability of an exclusionary clause rests with the insurer. *Roddis Lumber & Veneer Company* v. *American Alliance Insurance Company* (1951), 330 Mich 81. Yet the garnishee-insurer in the instant case has cited no authority in support of its position. Indeed, in *Morrill, supra,* the same exclusion was present, the negligent act occurred on nondefined premises controlled by the insured, and the Court affirmed recovery under the policy. The words "in connection with" in the instant policy are sufficiently ambiguous to conceivably require some causal connection between the property and the negligent act. *Richland Knox Mutual Insurance Co., supra.* In any event, these words, being ambiguous, must be strictly construed against the insurer. *Morrill, supra; Francis, supra; Leski* v. *State Farm Mutual Insurance Company* (1962), 367 Mich 560. So construing this exclusion, we think the trial judge correct in granting recovery under the policy.

Affirmed. Costs to plaintiff.

FITZGERALD and TEMPLIN, JJ., concurred.