**CAMERON MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Harlin SKIDMORE and Elton Murphy, Defendants-Respondents.**

No. 12512.

Missouri Court of Appeals,
Southern District,
Division Three.

May 6, 1982.

James E. Spain, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for plaintiff-appellant.

No appearance for defendant-respondent Harlin Skidmore.

William J. Clarkson, Little, Million, Terando, Clarkson and Associates, P. C., Poplar Bluff, for defendant-respondent Elton Murphy.

PREWITT, Judge.

Plaintiff requested a declaratory judgment that it was neither obligated to defend Harlin Skidmore in an action brought by Elton Murphy, nor required to pay any amount that may be found due from Skidmore to Murphy in that action. Murphy sued Skidmore, contending that a building and fixtures he owned were damaged by fire due to Skidmore's negligence. In effect at the time of the fire was a "COMPREHENSIVE PERSONAL LIABILITY POLICY" issued by plaintiff to Skidmore. The trial court denied plaintiff the relief sought, finding that this policy provided insurance coverage to Skidmore for the acts charged in the suit.

Murphy owns land adjoining a farm owned by Skidmore. Skidmore lives in Clarkton in Dunklin County. The farm is in Butler County north of Broseley. The farm had been rented "for crop rent" and Mr. Skidmore went to the farm to see if the tenant "had a good stand" of wheat. How the rent was paid or determined is not in evidence. The tenant was putting fertilizer on the land and had left some fertilizer sacks in a ditch near the property line between the farm and Murphy's property. The tenant told Skidmore that he intended to burn the sacks later; however, Skidmore set fire to the sacks. He was not asked to burn them.

Skidmore gave statements to plaintiff indicating that this fire spread to Murphy's land and destroyed the building. At trial his deposition was introduced. He stated there that he put out the fire that he set to burn the sacks and that another fire, that he did not start, spread from along a railroad right-of-way and damaged Murphy's

building. In the deposition Skidmore admitted that he also set a "backfire" near Murphy's house to stop the spread of the fire he set to burn the sacks. Murphy arrived after the fire had spread to his building. Murphy's wife testified that she returned home earlier than her husband. When she arrived a fire was spreading onto their land from Skidmore's property and eventually burned the building. She said she saw no one in the area at that time but her daughter, and Skidmore.

Plaintiff contends that there was no coverage under the policy it issued to Skidmore because of the following statements in the policy:

"This policy does not apply:

(a)(1) to any business pursuits of an insured, except, under coverages L and M, activities therein which are ordinarily incident to non-business pursuits,

\* \* \* \* \* \*

(3) to any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an insured . . . ."

The definitions in the policy state that " 'business' includes trade, profession or operation". It is not otherwise defined. Coverage L provides for "Personal Liability". It obligates the plaintiff to pay sums which Skidmore is legally obligated to pay because of bodily injury or property damage and obligates plaintiff to defend any suit seeking damages under the policy. Premises is defined as:

"(1) all premises where the named insured or his spouse maintains a residence and includes private approaches thereto and other premises and private approaches thereto for use in connection with said residence, except business property and farms, (2) individual or family cemetery plots or burial vaults, (3) premises in which an insured is temporarily residing, if not owned by an insured, and (4) vacant land, other than farm land, owned by or rented to an insured."

We do not determine whether the "business pursuits" exclusion applies here because we find that coverage is denied under the "premises" exclusion.

*Lititz Mutual Insurance Co. v. Branch*, 561 S.W.2d 371 (Mo.App.1977) and *MFA Mutual Insurance Company v. Nye*, 612 S.W.2d 2 (Mo.App.1980), considered language in homeowners' policies excluding liability arising out of any premises, other than an insured premises, owned, rented or controlled by an insured. Those cases held that this language may exclude incidents arising out of the condition of the uninsured premises but does not otherwise exclude tortious acts by an insured occurring on uninsured land. In *St. Paul Fire and Marine Insurance Company v. Insurance Company of North America*, 501 F.Supp. 136 (W.D.Va.1980), such an exclusion was held to bar coverage where a fire set by the insureds spread to the adjoining property. However, the language in the policy here is not the same as that considered in those cases. It excludes "any act or omission in connection with premises, other than as defined, which are owned, rented, or controlled by an insured".

It appears to us that "in connection with" has a broader meaning than "arising out of any premises". In the manner that the words are ordinarily used Skidmore's acts were "in connection with" the farm. Skidmore was there to check the crop because of his ownership interest in the farm. The sacks were brought to the property and emptied there because their contents were used on the farm. They were burned on the farm. The purpose of the second fire that Skidmore started was to stop the spread of the "sack" fire. Whether he set the fire that destroyed Murphy's building or failed to stop the spread of a fire from the farm, Skidmore's acts were in connection with those premises and were therefore excluded from the coverage of the policy. See *Jackson v. Lajaunie*, 270 So.2d 859, 864 (1972).

The judgment is reversed and the cause remanded to the trial court with directions to set aside the previous judgment and to enter a judgment declaring that plaintiff is not obligated to defend Skidmore or to pay

any amount for which Skidmore may be liable in the action brought by Murphy.

BILLINGS, P. J., TITUS and FLANI-GAN, JJ., and MAUS, C. J., concur.