LEMMON, Justice.
This is a tort suit by Willie Dixon and his subrogated insurer, Blue Ridge Insurance Company, to recover the damages caused to Dixon’s home by the falling of a large tree which had been growing on the adjoining property owned by Robert Newman. Cambridge Mutual Fire Insurance Company, Newman’s homeowner’s insurer, denied *555 coverage on the principal demand and on Newman’s third party demand, asserting the “business pursuits” exclusion of its policy on the basis that Newman used the property for rental purposes.
After trial on the merits, the district court rendered judgment against Newman, but dismissed Cambridge, finding that the exclusion was applicable. On an appeal raising only the coverage issue, the court of appeal affirmed. 423 So.2d 1. We granted certiorari to determine the correctness of the rulings of the lower courts. 427 So.2d 865.
The personal liability coverage of Cambridge’s policy provided as follows:
“This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence.”
The exclusions applicable to personal liability coverage included:
“This policy does not apply:
⅜ * ⅞: * ⅝ ⅜
“d. to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits;”
The policy defined business as follows:
“When used in this policy the following definitions apply:
* * * ⅜ ⅝ *
“d. ‘business’ means
* * * * * *
“(2) the rental or holding for rental of the whole or any portion of the premises by any Insured;”
“but business shall not include:
“(a) the occasional rental or holding for rental of the residence premises for dwelling purposes;
“(b) the rental or holding for rental of a portion of the residence premises for dwelling purposes unless for the accommodation of three or more roomers or boarders;
“(c) the rental or holding for rental of a portion of the residence premises for private garage purposes; or
“(d) the rental or holding for rental of a portion of the residence premises as an office, school or studio.”
Applicability of the “business pursuits” exclusion, of course, depends upon the facts and circumstances of the individual case. Here, Newman’s parents acquired the property in Glen Oaks Subdivision in 1965 and immediately obtained a policy of insurance. Newman's parents thereafter raised their six children in the home on the property.
Newman’s mother died in 1971, and his father moved to Mississippi in 1973, but Newman continued to live there with two of his brothers. In 1974, Newman married his wife, and they resided together in the home and paid the mortgage notes.
In 1976, Newman and his wife moved into a new home. About the same time, Newman’s father moved back from Mississippi, and he lived in the Glen Oaks home with Newman’s younger siblings until 1979. During that period, Newman continued to pay the mortgage notes. In 1978, he acquired the outstanding interest in the property from his father and his siblings. According to Newman, he bought the property as a place for his father to live and as an investment. The insurance policy was changed to reflect the change in ownership.
In October, 1979, Newman’s father moved to Tennessee, and the house became vacant for the first time. According to Newman’s testimony, he wanted to sell the house because of racial changes in the neighborhood. However, in order to have the home available for his father if he decided to return to Baton Rouge, Newman rented the house temporarily to a friend, Mrs. Olivia, with the understanding that she would vacate the property if Newman’s father returned to Baton Rouge.
Newman’s father died in March, 1980 in Tennessee, and Mrs. Olivia moved out of the home in May, 1980. The house remained vacant until the pertinent incident *556 on July 30, 1980. During this period of vacancy, Newman made no effort to rent the property.
The court of appeal, noting that Newman had rented the property 11 of the 15 months after his father moved out, concluded that Newman had rented or held the property for rental continuously, and not just occasionally, from October, 1979 to December, 1980.[1]
The apparent purpose of the “business pursuits” exclusion from personal liability coverage in a homeowner’s policy is to eliminate the high cost of insuring the risks attendant to commercial enterprises, thereby making homeowner’s insurance available at lower rates. There is obviously a lower risk in insuring a building used as a residence than one used for business purposes. This consideration is also reflected in (1) the exception to the business pursuits exclusion, which excepts activities ordinarily incident to nonbusiness pursuits, and (2) the exclusions from the policy definition of business, which exclude occasional rental as well as the rental of a portion of a building used primarily as a residence.
Pretermitting the question of whether the business pursuits exclusion of the policy applies in the instant case, we note that the exclusion expressly excepts “bodily injury or property damage arising out of ... activities therein which are ordinarily incident to non-business pursuits.” Consequently, if the maintenance of a tree on rental property is an activity ordinarily incident to nonbusiness pursuits, the exclusion by its own terms is inapplicable.
In Jackson v. Lajaunie, 270 So.2d 859 (La.1972), a service station operator, while in the process of playing a practical joke, accidentally shot a customer. Although ultimately basing the decision on another exclusion in the policy, this court discussed the applicability of the service station operator’s homeowner’s policy to the occurrence and stated in dicta:
“[T]he business pursuits exclusion was inapplicable because Lajaunie was not engaged in a business pursuit while attempting to play a practical joke on Jackson. Practical jokes are ‘ordinarily incident to non-business pursuits' and are excepted from the exclusion.” 270 So.2d at 863.[2]
In considering activities incident to non-business pursuits, the court in Edwards v. Trahan, 168 So.2d 365 (La.App. 3rd Cir.1964), held that a man who had an accident while driving a hay wagon to haul feed for his own household cattle was engaged in a nonbusiness pursuit, despite the fact that the man was in the hay business.
The tree in the present case, although situated on property which had been rented and was arguably being held for rental by Newman, was not directly related to the renting of the house and was not a necessary incident of the business of renting property. Although the presence of the tree might have made the property more *557 attractive, it is unlikely that Newman’s ability to rent the house was substantially affected by the presence of the tree. Neither the presence of the tree nor its eventual fall was in any way related to any business character of the property.
Moreover, there is no evidence to suggest that the tenant in any way caused the tree to fall; in fact, she had moved out before it fell. Had Newman been living in the house at the time, the tree would have fallen in exactly the same manner, and the insurance policy clearly would have covered the occurrence.
We therefore conclude that Newman’s maintenance of the tree on property which had been used by his family as a residence since 1965 was an activity ordinarily incident to nonbusiness pursuits. Thus, the business pursuits exclusion of the homeowner’s policy does not apply in this instance.
Accordingly, the judgments of the lower courts are amended in part, reversed in part, and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that judgment be rendered herein in favor of Blue Ridge Insurance Co., and against the defendants, Robert S. Newman, Patricia Childers Newman, and Cambridge Mutual Fire Insurance Company in solido in the total sum of Thirty-Three Thousand Three Hundred Thirty-One and No/100 ($33,331.00) Dollars, with legal interest thereon from date of judicial demand until paid, subject to the limits of the insurance policy; and in favor of Willie Dixon, and against the defendants, Robert S. Newman, Patricia Childers Newman, and Cambridge Mutual Fire Insurance Company in solido, in the total sum of One Thousand Four Hundred Fifty-Five and 0Vioo ($1,455.07) Dollars, with legal interest thereon from date of judicial demand until paid, subject to the limits of the insurance policy;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be rendered herein in favor of Robert S. Newman and Patricia Childers Newman and against Cambridge Mutual Fire Insurance Company on the third party demand for the amount of the judgment on the principal demand, subject to the limits of the insurance policy;
IT IS FINALLY ORDERED, ADJUDGED AND DECREED that Cambridge Mutual Fire Insurance Company be cast for all costs of this proceeding.

. After the July, 1980 incident, Newman again rented the property in October, 1980 and collected rent for at least the next three months, as shown by his 1980 income tax return.

. There is authority from other jurisdictions for this construction of the exception in the business pursuits exclusion provision. In view of the exception relating to activities ordinarily incident to non-business pursuits, the court in Crane v. State Farm Fire & Cas. Co., 5 Cal.3d 112, 95 Cal.Rptr. 513, 485 P.2d 1129 (1971), held that an insured who was caring for a child for compensation along with supervising her own children was covered by her homeowner’s policy.
In Michigan Mutual Liability Co. v. Ferguson, 15 Mich.App. 298, 166 N.W.2d 525 (Div. 3 1969), an insured, while shoveling snow off the roof of his business place, threw away a broken shovel handle, which hit high voltage electrical lines and caused damage. The court held that even if shoveling snow was a business pursuit, the immediate act of throwing the shovel handle was not. The court explained that the mere fact that the throwing was done on the business property did not make it part of a business pursuit.
The court, applying state law in Gulf Ins. Co. v. Tilley, 393 F.2d 119 (7th Cir. 1968), held that an insured, who was babysitting for compensation when a child overturned a percolator and burned herself, was entitled to coverage. The court noted that while babysitting might be a business pursuit within the exclusion of the policy, the babysitter’s preparation of hot coffee was an activity ordinarily incident to nonbusiness pursuits.