**H.D. BONNER, Individually and as Next Friend of Hershel Gene Tarrant; and Roger Padgett, Appellants,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

**No. C14–91–00603–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1992.

Rehearing Denied Dec. 3, 1992.

Edward J. Hennessy, Randall D. Wilkins, Paul Spradlin, Houston, for appellants.

Vance Christopher, Maureen McPherson Spector, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a take nothing judgment in favor of United Services Automobile Association (USAA). This issue involved is whether a Texas Homeowner's Insurance Policy issued by USAA to Gloria Padgett provided liability coverage to her son, Roger Padgett, for damages for the death of Roger's girlfriend, Linda Tarrant, or whether there was no coverage for such death because of specific exclusions contained in the policy. The case was tried to a jury. The jury returned a partial verdict. The trial court accepted the partial verdict. Based upon the jury's answer to one of the questions submitted to it, the trial court rendered judgment in favor of USAA. We reverse the judgment of the trial court.

The insurance policy involved in this case is a Texas Standard Homeowners Policy issued by USAA to Gloria C. Padgett, mother of Roger Padgett. The premises covered by the policy is defined as a dwelling located at Route 3, Box 5388, Canyon Lake, Comal County, Texas. The Liability Section of the policy provides under coverage D that USAA will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury. That same Liability Section of the policy also contains the following exclusion:

Coverage D shall not apply:

. . . . .

3. To any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an Insured.

On November 8, 1982 Roger Padgett shot and killed his girlfriend, Linda Tarrant. The shooting occurred at 1640 Blalock, in Houston, in an apartment Padgett

and Tarrant shared. H.D. Bonner, as next friend of Hershel Gene Tarrant, minor son of the decedent, filed a wrongful death suit against Padgett. USAA provided Padgett a defense in that case under the terms of a non-waiver agreement signed by Roger Padgett. The non-waiver agreement reserved to USAA the right to deny coverage based on Exclusion No. 3 quoted above and also based on USAA's contention that the death of Linda Tarrant was caused intentionally by Roger Padgett, thus invoking another exclusion contained in the policy.

The wrongful death case was tried and judgment was rendered awarding the minor, Hershel Gene Tarrant, a judgment against Roger Padgett for an amount in excess of $58,000. The judgment was for an amount in excess of USAA's policy limits.

Appellee USAA then filed this Declaratory Judgment action against Roger Padgett, asserting non-coverage by reason of the policy exclusions.

H.D. Bonner and Hershel Gene Tarrant intervened, seeking to recover from appellant as third party beneficiaries of the insurance policy the amount of the judgment in the wrongful death suit and also to recover damages for alleged bad faith in handling the entire matter, as well as for alleged violations of the Insurance Code and the Deceptive Trade Practices Act.

The case was tried to a jury. The jury made two findings. In answer to Question No. 1 the jury found that on November 8, 1982 Roger Padgett was a resident of his mother's household located at Route 4, Box 5388, Canyon Lake, Texas. In answer to Question No. 3 the jury found that the death of Linda Tarrant was "in connection with" premises which were owned, rented or controlled by Roger Padgett at 1640 Blalock in Houston, Texas.

The jury was unable to answer Question No. 2 which asked whether Roger Padgett intentionally caused the death of Linda Tarrant.

Over appellant's objections, the trial court accepted a partial verdict and rendered judgment in favor of appellee because of the jury's finding that the death of Linda Tarrant was in connection with premises which were owned, rented or controlled by Roger Padgett at 1640 Blalock in Houston.

In their first four points of error appellants contend that the exclusion in the policy providing that personal liability coverage (Coverage D) shall not apply "to any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an Insured" applies only if there is a causal connection between the insured premises and the injury giving rise to liability.

Appellee contends that the shooting of Linda Tarrant was "an act in connection with" the premises at 1640 Blalock, in Houston, because the shooting occurred on that premises and that the exclusion applies because the apartment at 1640 Blalock in Houston was rented to or controlled by Roger Padgett.

Appellants and appellee agree that there is no Texas case interpreting the policy exclusion at issue here.

 Generally, a contract of insurance is subject to the same rules of construction as other contracts. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987). If the policy is worded so that it can be given only one reasonable construction, it will be enforced as written. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984). However, if a contract of insurance is susceptible of more than one reasonable interpretation, we must resolve the uncertainty by adopting the construction that most favors the insured. *National Union Fire Insurance Co. v. Hudson Energy Company*, 811 S.W.2d 552 (Tex. 1991). The court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent. *Id.* at 555. In particular, exceptions or limitations on liability are strictly construed against the insurer and in favor of the insured. *Id.* at 555.

Courts in other jurisdictions have construed insurance policies containing similar "in connection with" exclusions and have reached differing results.

In *Duggan v. Travelers Indemnity Co.,* 383 F.2d 871 (1st Cir.1957) the court construed an insurance policy exclusion for "any act or omission in connection with (business) premises." Following a Massachusetts rule requiring that exclusionary clauses in an insurance policy be construed particularly strictly against the insurance company, the First Circuit rejected the broad construction that "an act or omission in connection with the (business premises) means anything that happened on the premises." The court adopted the narrow construction that for the "in connection with" exclusion to preclude coverage the result must have been caused by the condition or operation or neglect of the premises. The court held that an injury which occurred on business premises when a customer was bitten by the owner's dog was not "in connection with" the business premises and thus coverage existed under a general liability policy. The court pointed out that the accident could as well have happened on the street and "that it happened on business premises did not make it 'in connection with' those premises." *Id.* at 875.

In *Michigan Mutual Liability Co. v. Ferguson,* 15 Mich.App. 298, 166 N.W.2d 525 ( [Div. 3] 1968) an exclusion in a homeowners policy was worded identically to that involved in the instant case. The issue was whether the negligent act of throwing a broken handle from a snow shovel off of a roof was an act in connection with the uninsured premises. It was undisputed that the premises where the act occurred were other than as defined in the policy and that the other premises were owned or controlled by the insured. The court held that "[t]he words 'in connection with' are sufficiently ambiguous to conceivably require some causal connection between the property and the negligent act." The court held that under Michigan law the exclusion had to be strictly construed against the insurer. *Id.,* 166 N.W.2d at 527.

Other courts have held that the "in connection with" exclusion applies and excludes coverage if the act or omission of the insured occurs on other premises owned, rented or controlled by the insured. These cases do not require that there be any causal connection between the act or omission and the other premises in order for the exclusion to apply. These cases also hold that there is no ambiguity in the "in connection with" exclusion and therefore no basis for construing the exclusion strictly in favor of the insured and against the insurer. *Jackson v. Lajaunie,* 270 So.2d 859 (La.1972); *Cameron Mutual Ins. Co. v. Skidmore,* 633 S.W.2d 752 (Mo.App. 1982); *Dorre v. Country Mutual Ins. Co.,* 48 Ill.App.3d 880, 6 Ill.Dec. 782, 363 N.E.2d 464 (1977); *Roth v. Western Assurance,* 308 F.2d 771 (8th Cir.1962) applying Nebraska law.

■ In light of the decision of the Texas Supreme Court in *National Union Fire Insurance Co. v. Hudson Energy Company,* supra, we conclude that the "in connection with" exclusion in the insurance policy in this case is susceptible of two reasonable constructions: (1) for the exclusion to apply there must be some causal relationship between the act or omission and the other premises owned, rented, or controlled by the insured; or (2) that the exclusion will apply to any act or omission occurring on such other premises.

One persuasive argument for the first of such reasonable constructions is that if the insurance company had intended to exclude coverage for any act or omission occurring on the other premises, the exclusion could have been stated exactly in those words rather than "in connection with" the other premises.

In our opinion the reasoning of the Supreme Court in *National Union Fire Insurance Co. v. Hudson Energy Company* requires us to construe the exclusion in this case in favor of the insured and against the insurance company. Therefore, we sustain appellants first four points of error and reverse the judgment of the court below.

■ We disagree with appellee's contention that appellants failed to plead that the

"in connection with" other premises exclusion is ambiguous and, therefore, that appellants waived the issue and failed to preserve any error. We find the record in this case clearly shows that the issue of ambiguity and the proper construction to be applied to this exclusion was tried by consent.

At the beginning of the trial the parties stipulated that appellee had the burden of proof as to the exclusions in the policy. The non-waiver agreement signed by Roger Padgett specifically reserved to appellee the right to deny coverage because of the "other premises" exclusion.

Dwayne L. Spiess, a claims examiner for appellee, testified in great detail concerning the meaning of this exclusion in the policy. He was questioned extensively by attorneys for appellants and appellee concerning this exclusion and various constructions that could be applied thereto. At no time during the trial did appellee contend that appellants' failure to plead ambiguity would prevent the court from determining that issue and from applying rules of construction to the exclusion. Throughout the trial appellants continued to urge their construction of the exclusion, that for the act of Roger Padgett in shooting Linda Tarrant to be "in connection with" the premises at 1640 Blalock in Houston, there had to be some causal connection between the shooting and the Blalock premises, something more than that it occurred thereon. Also, throughout the trial appellee contended that the act of Roger Padgett in shooting Linda Tarrant occurred on the Blalock premises and therefore was "in connection with" those premises.

For the foregoing reasons we reject appellee's contentions concerning the failure to plead ambiguity.

■ The insurance policy involved in this case contained another exclusion with which we must now deal. The policy provided that Coverage D (the Personal Liability section) shall not apply; ... 5. To bodily injury or property damage caused intentionally by or at the direction of the Insured.

In the court's charge to the jury Question No. 2 inquired whether Roger Padgett intentionally caused the death of Linda Tarrant on November 8, 1982 at 1640 Blalock, apartment 225, in Houston. As pointed out hereinabove the jury was deadlocked on that question and the trial court accepted a partial verdict and rendered judgment in favor of appellee.

There was evidence sufficient to support a jury finding that Roger Padgett intentionally caused the death of Linda Tarrant; therefore, the case must be remanded to the trial court for a new trial. Appellants contend there was no competent evidence to support a finding that Roger Padgett intentionally caused the death of Linda Tarrant and that Roger Padgett's testimony that the shooting was an accident was the only competent evidence on that issue. Officer R.W. Holland of the Houston Police Department testified that he investigated the shooting death of Linda Tarrant on the day that it occurred and talked to Roger Padgett at the scene. Holland concluded from his investigation that the shooting death of Linda Tarrant was intentional. This was competent evidence regarding whether Roger Padgett intentionally caused the death of Linda Tarrant.

The judgment of the trial court is reversed and the cause is remanded for a new trial.