Richard DAVIS, Plaintiff,

v.

SELECTCARE, INC., Defendant.

Civ. A. No. 92–CV–60450–AA.

United States District Court,
E.D. Michigan, S.D.

Feb. 8, 1993.

## JUDGMENT

LA PLATA, District Judge.

This action is brought by Plaintiff, Richard Davis, against Defendant Selectcare, Inc. seeking a declaration of his rights under the 1992 SelectCare HMO Federal Employees Health Benefit Program of which Plaintiff participates. Plaintiff, a 32 year old male, has been diagnosed as suffering from rhabdomyosarcoma of the prostate, an extremely rare form of cancer. His course of treatment thus far has included the application of MAID chemotherapy and the first stage of high dose chemotherapy followed by autologous bone marrow transplant ("HDCT/ABMT"). Defendant has provided coverage for the MAID chemotherapy. However, Defendant has denied coverage for HDCT/ABMT maintaining that the treatment is "investigational" as applied to Plaintiff's tumor, and therefore, excluded from SelectCare coverage. Plaintiff takes the position that the treatment is "state of the art" and not "investigational", and thus, seeks injunctive and declaratory relief ordering Defendant to provide coverage for HDCT/ABMT. Because of the relentless and unforgiving nature of the cancer involved, the trial and this opinion have been expedited.

Any dispute over contract interpretation must begin with the plain language of the contract. The Plan clearly states that SelectCare will provide coverage for chemotherapy and bone marrow transplants. However, the General Exclusion section of the contract provides that "although a specific service may be listed as a covered benefit, it will not be provided unless, in the judgment of your Plan doctor, it is medically necessary for the prevention, diagnosis, or treatment of your illness or condition." Dr. Edward Shervish, who reviewed Plaintiff's claim for Defendant, acknowledged that HDCT/ABMT is a medically necessary procedure for Plaintiff. Thus, the Court must look further to find the exclusion upon which Defendant denied coverage.

The General Exclusion section of the contract provides that "procedures, treatments, drugs or devices that are experimental or investigational will not be covered." It is under this exclusion, specifically the "investigational" term, that the Defendant has declined coverage for HDCT/ABMT treatment. Thus, this Court is called upon to first decide whether the term "investigational" as used in the contract is ambiguous and, if so, whether the HDCT/ABMT treatment as prescribed is considered "investigational".

A contract is said to be ambiguous when its words may be reasonably understood in different ways. (*Raska v. Farm Bureau Ins.*, 412 Mich. 355, 314 N.W.2d 440 (1982). This Court has had the benefit of four days of trial including the testimony of seven extremely knowledgeable physicians. After this period, there is one thing that is abundantly clear—there exists no commonly recognized medical definition of the term "investigational". In light of this, and because the contract makes no attempt to define the term, the Court concludes that the term "investigational" as referenced in the contract is unquestionably ambiguous.

Because the Defendant is relying solely on the exclusion for denial, the burden is upon the Defendant to prove by a preponderance of the evidence that HDCT/ABMT is "investigational". (*Roddis Lumber & Veneer Co. v. American Alliance Insurance Co.*, 330 Mich. 81, 47 N.W.2d 23 (1951) and *Michigan Mutual Liability Co. v. Ferguson*, 15 Mich. App. 298, 166 N.W.2d 525 (1968). It is well settled that when a contract is ambiguous, any ambiguity must be construed against the insurer and in favor of the insured, and exclusionary clauses are to be strictly con-

strued against the insurer. *Morrill v. Gallagher,* 370 Mich. 578, 122 N.W.2d 687 (1963) and *Reurink Bros. v. Maryland Casualty Co.,* 131 Mich.App. 139, 345 N.W.2d 659 (1983). Having set forth the legal standards which must be applied, the Court considers the testimony as it relates to the remaining issue, whether HDCT/ABMT is "investigational".

■ Plaintiff presented the testimony of Drs. Mark Zalupski, Samuel Silver, Lyle Sensenbrenner and Chatchada Karanes all of whom concluded that in their opinions HDCT/ABMT is not "investigational". It was Dr. Mark Zalupski, a sarcoma specialist, Board Certified in Oncology and Hematology, who, in a letter to SelectCare, first referred to this procedure as "investigational". It is clear that this reference initiated the process which ultimately lead to the denial of Plaintiff's claim. However, during trial, Dr. Zalupski testified that he did not use the word "investigational" as a term of art. Dr. Zalupski testified that to him the word investigational merely means the careful application and evaluation of treatment and does not imply a lack of effectiveness or efficacy. In fact he believes that with HDCT/ABMT Plaintiff has a 30%-50% chance of cure. Although he admits that he is not aware of any other adult male with rhabdomyosarcoma of the prostate who has been treated pursuant to protocol D-959, he supports his opinion based on the literature involving similar tumors and the fact that Plaintiff had a near complete remission with MAID chemotherapy which provides the basis for a better prognosis with HDCT/ABMT. In fact Dr. Zalupski categorically stated that given Plaintiff's condition, HDCT/ABMT is a medically necessary and effective treatment. It is unfortunate that Defendant's inquiry did not begin with a discussion with Dr. Zalupski. Since Dr. Robert Church, who investigated the claim for Defendant, stated that he would have given great deference to Dr. Zalupski's opinion, it is possible that Plaintiff's request would have been approved.

Dr. Zalupski's testimony was buttressed by Dr. Silver who is not only Board Certified in Internal Medicine, Oncology and Hematology, but is the Director of the Bone Marrow Transplant program at the University of Michigan Medical Center and Dr. Lyle Sensenbrenner the Director of the Bone Marrow Transplant program at the Detroit Medical Center. Both physicians testified that in the absence of data, when faced with a rare disease such as rhabdomyosarcoma of the prostate, one must look to cognates for effective treatments. Both of these physicians testified that, in their opinion, HDCT/ABMT is an effective treatment and would not consider the treatment to be "investigational".

The testimony of Dr. Chatchada Karanes, the physician who administers the HDCT/ABMT treatment at the Detroit Medical Center, was submitted by way of written deposition. Dr. Karanes testified that she does not consider a protocol "investigational" unless it involves drugs that are not or have not been approved by the Federal Drug Administration. Because it is uncontroverted that protocol D-959 contains only drugs approved by the FDA, she does not consider the treatment to be "investigational".

Defendant offered the testimony of Dr. J. Scott Nystrom, who is Board Certified in Oncology and Hematology and has been administering chemotherapy treatment for over 20 years. Dr. Nystrom conclusively stated that HDCT/ABMT is "investigational" as applied to solid tumors. He stated that he has not made up his mind on whether the treatment is effective as applied to solid tumors because the treatment has not been shown to be superior to conventional treatments. Dr. Nystrom stated that he would treat Plaintiff with conventional chemotherapy followed by surgery and radiation. Because Dr. Nystrom is not a surgeon, he testified that he would defer to expert opinion regarding the effectiveness of surgery. Interestingly, Defendant's first witness, Dr. Shervish, an oncological surgeon, testified that in Plaintiff's case, surgery is not indicated.

The crux of Defendant's position is that because the treatment has not been shown effective as applied to rhabdomyosarcoma of the prostate it is "investigational". It is clear that due to the extremely rare nature of this cancer, a proper phase III study will likely never be achieved. However, taking this argument to its logical end, any treat-

**200**

ment, including MAID chemotherapy for which Defendant provided medical coverage without inquiry, would be "investigational" as applied to Plaintiff's condition.

The mere fact that HDCT/ABMT is administered pursuant to a research protocol is of no consequence. Drs. Zalupski and Sensenbrenner testified that many well established conventional treatments, such as bone marrow transplants, are administered on protocol. They explain that a protocol is used as a central data base in the continuing quest by the medical community to increase the effectiveness of all drugs and treatments.

To buttress its position that HDCT/ABMT is "investigational", Defendant offered into evidence the signed informed consent form executed by Plaintiff. The Court does not agree that this document, in any way, helps Defendant's position. To those of us involved in the litigation process, we know that the signing of an informed consent document is more for purposes of legal protection against the horde of malpractice claims than an accurate disclosure of medical treatment. To conclude that this treatment, which has proven successful against many forms of tumors including those similar in nature to Plaintiff's, is "investigational" as applied to rhabdomyosarcoma of the prostate, would be tragic and unfair. The testimony has established that the effectiveness of HDCT/ABMT is well documented. In fact, the first HDCT/ABMT treatment was performed in 1975 at John Hopkins University Medical Center by a team of physicians including Dr. Sensenbrenner. HDCT/ABMT is now performed at 100 institutions throughout the country, three in Michigan. Defendant, as drafter of the contract, had the opportunity to define the terms of its contract. In fact, Defendant's 1993 contract offers a definition of "investigational" which incorporates criteria which Dr. Woll testified have been considered by SelectCare since 1989 and specifically excludes HDCT/ABMT from coverage.

The evidence presented convincingly demonstrated the efficacy and relative safety of HDCT/ABMT treatment and its value to patients suffering from tumors similar in kind to Plaintiff's. As such, the Court, having heard the testimony, reviewed the exhibits, and considered the law, concludes that HDCT/ABMT treatment is not "investigational". Accordingly, JUDGMENT SHALL ENTER in favor of Plaintiff on Counts I and II of his Complaint and against Defendant.