831 So.2d 1055 (2002)
Wayne RICHARD
v.
Tony MILAZZO and New Hampshire Insurance Company of LA.
No. 2001 CA 2233.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
Rehearing Denied December 30, 2002.
*1057 Ralph L. Fletcher, Guy A. Modica, Sr., Baton Rouge, Counsel for Plaintiff/Appellant Wayne Richard.
Rodney C. Cashe, Hammond, Counsel for Defendant/Appellant Tony Milazzo.
Mark E. Seamster, Hammond, Counsel for Defendant/Appellee New Hampshire Ins. Co.
Before: CARTER, C.J., FOGG, DOWNING, CLAIBORNE[1] and KLINE,[2] JJ.
DOWNING, J.
In this personal injury action, issues concerning liability, damages, and insurance coverage are raised on appeal. For the following reasons, we reverse in part and affirm in part.
On April 3, 1995, a confrontation occurred between Wayne Richard and Tony Milazzo. Richard brought suit for damages against Milazzo and Milazzo's homeowner's insurance carrier, New Hampshire Insurance Company (NHIC). NHIC moved for summary judgment, asserting no insurance coverage based on the policy's business pursuits exclusion. The trial court denied NHIC's motion for summary judgment, and the parties proceeded to trial. The trial court rendered judgment in favor of Richard and against Milazzo in the sum of $50,000, plus legal interest and costs. The trial court dismissed Milazzo's suit against NHIC, finding no insurance coverage under the policy's business pursuits exclusion. Milazzo and Richard appeal.
*1058 Initially, both Milazzo and Richard assert the trial court erred in considering the issue of coverage. They contend the trial court's denial of the motion for summary judgment disposed of NHIC's business pursuits exclusion defense in their favor and foreclosed subsequent consideration of the issue of coverage by the trial court.
We disagree. Pursuant to LSA-C.C.P. art. 968, no appeal lies from the denial of a motion for summary judgment; the denial of a motion for summary judgment is an interlocutory judgment. Interlocutory judgments are not binding on the trial court. VaSalle v. Wal-Mart Stores, Inc., XXXX-XXXX, p. 8 (La.11/28/01), 801 So.2d 331, 336. Furthermore, it is well settled that prior to final judgment a district court may, at its discretion and on its own motion, change the result of its interlocutory rulings. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328, 332 (1972). Therefore, the prior interlocutory ruling denying summary judgment did not prohibit the trial court's subsequent consideration of the issue of coverage.
Richard and Milazzo also assert the trial court erred in finding no insurance coverage, based on the policy's business pursuits exclusion. An insurance policy is a contract, and the rules governing the interpretation of written agreements apply to insurance contracts. An insurance contract is the law between the parties, and every provision therein must be construed as written. Insurers may limit their liability, so long as the limitations are not in conflict with statutory provisions or public policy and so long as the limitations are unambiguous and easily understandable. Perault v. Time Ins. Co., 633 So.2d 263, 266 (La.App. 1 Cir.1993), writs denied, 93-3133, 93-3156 (La.2/11/94), 634 So.2d 833, 834.
The policy issued to Milazzo excluded injury:
Arising out of or in connection with a "business" engaged in by an "insured." This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business" ....
Shortly before the altercation, Milazzo purchased Children's Health Center of Louisiana (CHC), a health care clinic, from Jeanne Hebert and others. On April 3, 1995, CHC was not open for business, and Milazzo was taking inventory at the CHC office when Hebert, accompanied by Richard, arrived. Milazzo ordered Hebert and Richard to leave, and during the confrontation that followed, Milazzo pushed Richard, who fell and injured his back.
The business pursuits exclusion, like other exclusions in a homeowner's policy, is drafted to exclude risks that should be covered by a different policy. A commercial policy should cover commercial risks, not a homeowner's policy. Similarly, rental dwellings are excluded because rental property insurance covers those risks, and automobiles are excluded because automotive insurance covers those risks. However, when a business is closed down, usually the commercial policy is cancelled since there no longer exists a business pursuit. The activities involved in vacating the premises after the termination of a business should not be considered a business pursuit.
As noted in The Law of Liability Ins., Rowland Long, Matthew Bender & Co., Inc., § 9.06[2]:
Many courts that have examined the definition of business and the business pursuits exclusion agree that a business pursuit must involve two elements: continuity of the activity, and monetary *1059 gain, or at least the hope or expectation of monetary gain.
In accord, 46 C.J.S. Ins. § 936.
Therefore, where a business is discontinued and there is no monetary gain, the business pursuits exclusion should not apply. The trial court committed legal error in finding that the policy's business pursuits exclusion applied to the facts in this case.
Milazzo contends the trial court erred in finding that he was solely at fault and that Richard suffered a herniated disc as a result of this incident. The plaintiff bears the burden of proving the causal connection between an accident and injury by a preponderance of the evidence. A defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993). In addition, findings of fact by the trial court cannot be set aside in the absence of manifest error. Stobart v. State through Dep't of Transp. & Dev., 617 So.2d 880, 882 (La.1993).
The record establishes that Milazzo told Hebert and Richard to leave the premises. Thereafter, Milazzo intentionally shoved Richard while he was either standing still or walking towards Milazzo. Richard submitted the testimonies of several doctors who treated him for a herniated disc beginning two days after the incident. Clearly, the record supports the trial court's factual findings. Therefore, we find no manifest error on behalf of the trial court.
Finally, Milazzo contends the damage award is excessive. Much discretion must be left to the judge or jury in the assessment of damages. LSA-C.C. art. 2324.1. Appellate courts should rarely overturn or disturb general damage awards because the discretion vested in the trier of fact is great, and even vast. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). An appellate court's role in reviewing a damage award is not to decide what it considers to be an appropriate award, but to review the exercise of discretion by the trier of fact, considering the particular injuries and their effects, under the particular circumstances, on the particular injured person. Youn, 623 So.2d at 1260.
The trial court awarded the maximum amount of damages allowable under the parties' pre-trial agreement limiting damages to $50,000. The trial court found that Richard's herniated disc aggravated his pre-existing, and previously unknown, spinal condition. The herniated disc continues to degenerate, causing Richard pain, discomfort, limitation of physical capabilities, and loss of sleep. Surgery to correct the problem is recommended only when the pain becomes unbearable, as the surgery will cause a permanent limitation in movement and possible residual pain. Considering the evidence before the trial court, we find no abuse of its discretion in awarding $50,000.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed as to the issue of insurance coverage and affirmed in all other aspects. Accordingly, we find that New Hampshire Insurance Company provides coverage for the damages incurred by Wayne Richard for which Tony Milazzo has been cast in judgment herein. Costs of this appeal are to be borne by Tony Milazzo and New Hampshire Insurance Company.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.
*1060 KLINE, J., dissents for the reasons assigned by Fogg, J.
FOGG, J., dissents and assigns reasons.
KLINE, J., Dissenting in Part.
I respectfully dissent for the reasons assigned by Judge Fogg.
FOGG, J., Dissenting in Part.
I respectfully dissent from the majority's finding that there is coverage under the homeowner's insurance policy issued by New Hampshire Insurance Company. In my opinion, a business owner's expulsion of individuals from the premises of a business is an activity arising out of or in connection with the business. Therefore, Richard's injury, which arose out of an activity performed for the benefit of the business, is excluded from coverage by the policy's business pursuits exclusion. I would affirm the judgment of the trial court in its entirety.
NOTES
[1] Honorable Ian W. Claiborne, Judge (Retired), is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Honorable William F. Kline, Jr., Judge (Retired), is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.