973 So.2d 118 (2007)
Rosemary STILLS, Individually and on Behalf of her Minor Child, LeWilliam Stills, Plaintiffs-Appellants,
v.
Tal MIMS, Tommie Lee Mims and Tal's Custom Landscaping, Inc., Defendants-Appellants.
No. 42,799-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*119 Kammer & Huckabay by Charles H. Kammer, III, Shreveport, for Appellants, Rosemary Stills and LeWilliam Stills.
Klotz, Simmons & Brainard by Eron J. Brainard, Shreveport, for Appellants, Tal Mims and Tal's Custom Landscaping, Inc.
Hubley, Marcotte, Rhodes & Hussey, by Michael S. Hubley, Shreveport, for Appellee, State Farm Mutual Ins. Co.
Before BROWN, STEWART and GASKINS, JJ.
STEWART, J.
The trial court granted a summary judgment in favor of State Farm Fire and Casualty Company ("State Farm"), upon finding no coverage under the homeowner's policy issued to defendant, Tal Mims, for the claims of plaintiff, Rosemary Stills, on behalf of her son, LeWilliam Stills. Both Stills and Mims appeal the trial court's judgment. Finding the business pursuits/rental exclusion applicable to the claim, we affirm.

FACTS
On December 14, 2005, Rosemary Stills, individually and on behalf of her minor son, LeWilliam Stills, filed suit for damages against defendants, Tal Mims, Tars Custom Landscaping, Inc., and Tommie Lee Mims. Her petition alleges that in April of 2005, a tree fell on the home she was leasing from Tal Mims and Tommie Lee Mims. The leased home is located at 604 Central Avenue in Shreveport, Louisiana. The petition states that Stills contacted Tal Mims and informed him of damage to the home.
The petition further alleges that, "acting as the landlord, the property owner and/or through TAL'S CUSTOM LANDSCAPING, INC.," Mims came to the home to remove the tree on April 9, 2005. According to the petition, when Tal and his crew cut the tree, they allowed pieces to fall to the ground. A large branch fell on top of LeWilliarn, pinning him to the ground and severely injuring him. He sustained a broken femur.
*120 Tal Mims and Tal's Custom Landscaping, Inc., filed an answer denying the allegations in the plaintiff's petition, but admitting that Tal had been contacted by Stills about the fallen tree.
In an amended petition, Stills added State Farm as a defendant. She alleged it had in effect at the time of the accident a policy covering the actions of the defendants. State Farm filed an answer in which it asserted that it had issued a policy of homeowner's insurance to Tal Mims, the named insured, but that coverage for the plaintiffs claims was excluded under the policy on two grounds. First, State Farm alleged that the injury sustained by LeWilliam arose from a "business pursuit" of Tal Mims. Second, it alleged that the incident arose out of premises owned by the insured that was not the insured location.
After answering, State Farm filed a motion for summary judgment asserting no coverage under its policy. The motion alleged that the homeowner's policy issued to Tal Mims was for his personal residence at 2508 Lindholm Street in Shreveport, and that State Farm never issued a policy for 604 Central Avenue where the accident occurred. State Farm asserted that the liability and medical payments coverages provided in the policy excluded bodily injury and property damage "arising out of the rental or holding for rental of any part of any premises by any insured" and "arising out of premises owned or rented to any insured, which is not an insured location," State Farm argued that the accident arose out of conditions associated with the rental of the Central Avenue house, which was not an insured location. In support of its motion, State Farm offered a certified copy of the policy; affidavits by underwriting managers, Betty Evers and Greg Manley, asserting that State Farm was unable to locate any record of having issued a homeowner's policy or rental dwelling policy to Tal Mims for 604 Central Avenue; and an affidavit by Barbara Meyers, a State Farm claim representative, attesting that the only policy issued to Tal Mims was the homeowner's policy covering 2508 Lindholm Street and that no policy was in effect at the time of the accident covering the Central Avenue house.
Arguing that the exclusions did not apply, both the plaintiff and Tal Mims opposed State Farm's summary judgment motion. Stills argued that her claim was based on Mims' negligence in cutting the tree and not on any property defect. For this reason, the insured location issue was not relevant. Both asserted that the business pursuit exclusion did not apply, because Mims' actions fell under the exception for activities ordinarily incident to nonbusiness pursuits. Mims' affidavit was offered in support of the opposition to summary judgment. He declared that a large limb fell onto the roof of the house during a storm and that the limb did not fall because of any ruin or decay. While he was cutting the limb on April 9, 2005, it fell on LeWilliam. Mims denied being in the business of renting homes. He claimed that he was acting on his own behalf at the time of the accident and that he was not engaged in any business pursuit or employment.
The trial court granted State Farm's motion for summary judgment, upon concluding that the policy excluded rental coverage. Motions for rehearing by Mims and Stills were denied. Their appeals followed.

DISCUSSION
Summary judgments are subject to a de novo review on appeal using the same criteria as the trial court to determine whether summary judgment is appropriate. Magnon v. Collins, 98-2822 *121 (La.7/7/99), 739 So.2d 191; Bumgardner v. Terra Nova Ins. Co. Ltd., 35,615 (La. App.2d Cir.1/23/02), 806 So.2d 945. If the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law, then summary judgment is appropriate. La. C.C.P. art. 966(B); Bumgardner, supra. See also La. C.C.P. arts. 966-967.
The summary judgment procedure may be used to resolve questions of law pertaining to the interpretation of insurance contracts. Id. However, summary judgment declaring no coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when considered in light of the undisputed material facts, under which coverage could be provided. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; Bumgardner, supra.
An insurance policy is an agreement between the parties and is interpreted according to ordinary contract principles. Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, judgment amended, 95-0809 (La.4/18/96), 671 So.2d 915. The contract is enforced as written when the language is clear and unambiguous. La. C.C. art. 2046; Magnon, supra.
Insurance companies are free to limit coverage so long as the limitations do not conflict with statutory provisions or public policy. Bumgardner, supra. But exclusions must be strictly construed against the insurer with any ambiguities construed in favor of the insured. Id. The insurer bears the burden of proving the applicability of an exclusion to a claimed loss. Id.
Stills seeks coverage for her claim under the personal liability (Coverage L) and medical payments to others (Coverage M) parts of the policy. State Farm, which bears the burden of proving that the policy excludes coverage, claims there are two applicable exclusions to these coverages. The first policy exclusion raised by State Farm provides:
1. Coverage L and Coverage M do not apply to:
* * *
b. bodily injury or property damage arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured. This exclusion does not apply:
(1) to activities which are ordinarily incident to non-business pursuits.
The business pursuits exclusion in a homeowner's policy is intended to exclude risks that should be covered under different policies. Richard v. Milazzo, 2001-2233 (La.App. 1st Cir.11/8/02), 831 So.2d 1055. For example, the commercial risks of a business would typically be covered by a commercial liability policy, whereas the risks associated with a rental dwelling would typically be insured by rental property insurance. Id. The removal of the risks associated with business enterprises or rental properties helps to lower the rates of homeowner's insurance by eliminating non-essential coverages. Jackson v. Frisard, 96,0547 (La.App. 1st Cir.12/20/96), 685 So.2d 622, writs denied, 97-0193 (La.3/14/97), 689 So.2d 1386 and 97-0201 (La.3/14/97), 689 So.2d 387; Blue Ridge Ins. Co. v. Newman, 453 So.2d 554 (La.1984). Also, the phrase "arising out of," as used in the exclusion, implies an element of causality rather than the proximate cause. Elorza v. Massey, 00-313 (La.App. 5th Cir.3/14/01), 783 So.2d 453. *122 Thus, there must be some causality between the business pursuit or rental of property and the bodily injury or property damage for the exclusion to apply.
The plaintiff and Mims argue that her claim does not arise from any business pursuit by Mims; rather, the claim is based on his personal liability and involves activities that are ordinarily incident to nonbusiness pursuits. Both parties cite Blue Ridge, supra, as dispositive of the coverage issue.
In Blue Ridge, supra, Willie Dixon sued for damages after a tree on neighboring property fell and damaged his home. Robert Newman owned the neighboring property, which was insured under a homeowner's policy issued by Cambridge Mutual Fire Insurance Company. The property had been Newman's family home since his parents purchased it in 1965, and had only been rented out to a friend for a short period in the year prior to when the tree fell. The home was vacant when the incident occurred. Cambridge sought to deny coverage based on an exclusion for "bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits." The policy defined the term "business" to include "the rental or holding for rental of the whole or any portion of the premises by any insured." Both the trial court and appellate court found the exclusion applicable. However, the supreme court determined that the exception to the exclusion applied under the facts of the case.
The supreme court examined whether "the maintenance of a tree on rental property is an activity ordinarily incident to nonbusiness pursuits," and determined that it was in this case.[1] The existence of the tree on the property was not a necessary incident of renting the house, it was not related in any way to the "business character of the property," and it did not affect Newman's ability to rent the house. The tenant had moved out before the tree fell and had done nothing to cause it to fall. If Newman had been living there, the tree would have still fallen, and coverage would have been provided under the policy. The supreme court concluded, "Newman's maintenance of the tree on the property which had been used by his family as a residence since 1965 was an activity ordinarily incident to nonbusiness pursuits." Id.
At first glance, Blue Ridge, supra, appears on point, but it is not. Several factors distinguish it from the present case. First, Newman's property on which the tree was located was insured under the Cambridge homeowner's policy. Here, the Central Avenue house leased by Stills is not insured under the State Farm homeowner's policy issued to Mims for his Lindholm Street residence. Mims is not seeking coverage for an accident that occurred on his insured residence. Rather, he is seeking to have his homeowner's insurance cover an incident that occurred on an unrelated rental location that should be insured by some other policy. The very purpose behind the business pursuits exclusion supports a finding of no coverage.
Second, Newman's property had been his family's home since 1965, and had only been rented to a friend for less than a year *123 prior to when the accident occurred. Here, there is no indication that the Central Avenue residence is anything other than a rental property. Third, Newman's house was vacant when the tree fell, whereas Stills and her son were residing in the Central Avenue home when the tree fell on it. Fourth, the damage in Blue Ridge, supra, arose when the tree from Newman's property fell on a neighboring property. Here, the existence of the tree on the property and its falling during the storm did not cause the damage; rather, LeWilliam's injury arose from Mims' removal of the tree from the roof of the rental dwelling.
Fifth, the supreme court's major consideration was that the mere existence of the tree on the property had no bearing on the use of the property as a rental. The fact that a tree fell on the roof of the rental home in this matter, particularly if left there, would likely affect its suitability as a rental dwelling. While the existence, or maintenance, of a tree on Newman's family property is an activity ordinarily incident to nonbusiness pursuits, the removal of a fallen tree from the roof of a rental dwelling by the lessor after being called by the lessee, as in this case, is clearly not. The situations differ and lead to different results regarding coverage.
In this matter, the parties have pointed to no genuine issue of material fact.[2] The facts are that Stills rented her home from Tal Mims and Tommie Lee Mims. A storm caused a tree to fall on the roof of the home. Stills informed Tal Mims of the damage, and he came to remove the tree. In doing so, a limb fell from the roof onto the ground and injured LeWilliam Stills. Under these facts, there is a causal connection between the rental of the dwelling and the bodily injury. LeWilliam's bodily injury arose from the rental of the Central Avenue premises by Stills from the insured, Tal Mims. The business pursuits exclusion is intended to apply in this type of incident. Tal Mims would not have removed the limb but for it having fallen on his rental property. Moreover, he acted at his tenant's request.
The fact that Mims' personal actions resulted in the injury to LeWilliam does not preclude application of the business pursuits exclusion. This exclusion is not tied to a defect in the property as is the exclusion for bodily injury or property damage "arising out of any premises owned or rented to any insured which is not an insured location." See Dufrene v. Duncan, 93,0403 (La.App. 1st Cir. 3/11/94), 634 So.2d 19; Kitchens v. Brown, 545 So.2d 1310 (La.App. 1st Cir.1989); Am. States Ins. Co. v. Guillermin, 108 Ohio App.3d 547, 671 N.E.2d 317 (Ohio App. 2 Dist. Jan. 17, 1996), appeal not allowed, 76 Ohio St.3d 1409, 666 N.E.2d 569 (Ohio Jul. 03,1996). Under the business pursuits exclusion, the noncovered bodily injury or property damage arises out of the business pursuit, rental, or holding for rental of any premises by the insured. Application of the business pursuits exclusion depends on the purpose of the activity at the time of the accident. LeBlanc v. Brousssard, 396 So.2d 535 (La.App.3d 1981). This is determined from the facts and circumstances of each case. The facts and circumstances of this case show that the damages claim arose from the rental of the Central Avenue dwelling by Mims to Stills. Coverage *124 is precluded under the business pursuits exclusion as it pertains to the rental or holding for rental of a premises by the insured.

CONCLUSION
For the reasons explained, we affirm the trial court's summary judgment dismissing the plaintiffs claims against it. Costs are to be divided equally between the appellants, Rosemary Stills and Tal Mims.
AFFIRMED.
NOTES
[1] From reviewing the facts in Blue Ridge, supra, we understand the court's reference to "maintenance of the tree" to mean the existence of the tree on the property rather than any work, such as pruning or cutting down, done on the tree by Newman. The facts do not suggest that any action of Newman's caused the tree to fall and damage the neighboring property. However, in this case, it was Mims' actions in removing the fallen tree from the roof that resulted in injury to LeWilliam.
[2] We note that Mims' affidavit states that he is "not in the trade, profession or occupation of renting homes. . . . and was acting on his own behalf and was not engaged in any business pursuit or working in the course and scope of any employment" at the time of the accident. However, he has not asserted an issue of fact as to whether Ms. Stills rented the residence from him and Tommie Lee Mims. His arguments belie such an assertion.