PEOPLE v YAMAT

Docket No. 257923. Submitted February 22, 2005, at Detroit. Decided
    March 24, 2005, at 9:05 a.m. Leave to appeal sought.
    Macario G. Yamat, Jr., was charged in the 61st District Court with
        felonious driving, MCL 257.626c, because, while a passenger in a
        motor vehicle, he grabbed and turned the steering wheel without
        the driver's permission, resulting in the vehicle leaving the road
        and striking a jogger. The court, Janine LaVille, J., dismissed the
        charge on the basis that Yamat was not operating the vehicle as
        required to violate the statute. On appeal, the Kent Circuit Court,
        Dennis B. Leiber, J., affirmed. The prosecution appealed by leave
        granted.
        The Court of Appeals held:
        The Legislature defined the term "operate" as being in actual,
        physical control of a vehicle. MCL 257.35a. Although the defen-
        dant interfered with the driving of the vehicle, he could not have
        stopped or started the vehicle, increased or decreased its speed, or
        used any other instruments of the vehicle, including the turn
        signals, ignition, and emergency brake, and so was not operating
        the motor vehicle. The lower courts correctly determined that the
        defendant was not operating the vehicle for purposes of MCL
        257.626c.
        Affirmed.

CRIMINAL LAW — FELONIOUS DRIVING — OPERATION.

    Operation of a vehicle, for purposes of the statute governing feloni-
        ous driving, involves control of all functions necessary to make the
        vehicle operate; a passenger who merely grabs and turns the
        steering wheel of a vehicle while the vehicle is in motion does not
        operate the vehicle for purposes of the statute (MCL 257.626c).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *William A. Forsyth*, Prosecuting At-
torney, *Timothy K. McMorrow*, Chief Appellate Attor-
ney, and *T. Lynn Hopkins*, Assistant Prosecuting Attor-
ney, for the people.

*Jolene J. Weiner-Vatter* for the defendant.

Before: MURRAY, P.J., and MARKEY and O'CONNELL, JJ.

PER CURIAM. The prosecution appeals by leave granted the trial court's order affirming the district court's dismissal of a charge of felonious driving, MCL 257.626c, against defendant. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Defendant, a front-seat passenger in a vehicle, grabbed and turned the vehicle's steering wheel without permission. The vehicle left the road and struck a jogger. The district court dismissed the charge of felonious driving, finding that defendant was not operating the vehicle within the meaning of MCL 257.626c. The circuit court affirmed.

We review an issue of statutory interpretation de novo on appeal. *Livonia Hotel, LLC v Livonia*, 259 Mich App 116, 130; 673 NW2d 763 (2003). In determining the meaning of a statute, we first look to the precise words the Legislature used. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). And, we must enforce the language used, *id.*, and utilize any definitions provided in the statute. If the Legislature does not define an important word we can consult a dictionary for its common meanings. *People v Cathey*, 261 Mich App 506, 515-516; 681 NW2d 661 (2004).

Here, MCL 257.626c provides in pertinent part:

A person who *operates* a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, carelessly and heedlessly in willful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or

in a manner that endangers or is likely to endanger any person or property resulting in a serious impairment of a body function of a person, but does not cause death, is guilty of felonious driving . . . . [Emphasis added.]

The Legislature defined the critical term "operate" as "being in actual physical control of a vehicle . . . ." MCL 257.35a. The statute does not define "control," but a dictionary indicates that it means "power or authority to guide or manage." *Webster's New Collegiate Dictionary* (1980).

Applying these definitions, we conclude that defendant was not in actual physical control of the vehicle. Rather, defendant was interfering with the actual physical control of the vehicle. The undisputed evidence shows that the driver, who had control of the gas and brake pedals, emergency brake, ignition, turn signals, and steering wheel, was appropriately driving the vehicle until defendant grabbed the steering wheel, causing the vehicle to veer off the road. Although defendant's act caused the vehicle to veer off the road, defendant did not have the actual physical control of the vehicle, i.e., the power or authority to guide or manage the vehicle. Defendant could not have stopped or started the vehicle, nor could he have caused it to increase or decrease in speed. Defendant could not use any of the vehicle's other instruments; therefore he was not in actual physical control of the vehicle.

No authority addresses whether a passenger who grabs and turns the steering wheel of a moving vehicle to the surprise of the driver is operating the vehicle for purposes of MCL 257.626c. Cases addressing the issue of what constitutes the operation of a vehicle are all in the context of the statute prohibiting the operation of a vehicle under the influence of intoxicating liquor. Moreover, all these cases involved a single occupant of the

vehicle and are distinguishable on that basis. See, e.g., *People v Wood*, 450 Mich 399; 538 NW2d 351 (1995). However, in an analogous case, *Farm Bureau Gen Ins Co v Riddering*, 172 Mich App 696; 432 NW2d 404 (1988), the Court held that a front-seat passenger who grabbed and turned the steering wheel of a vehicle was not operating the vehicle for the purpose of applying an exclusionary clause in an insurance policy. We believe that case offers a persuasive analysis.[1] The *Riddering* Court observed that the operation of a vehicle involved more than simply steering: it includes all functions necessary to make the vehicle operate. The *Riddering* Court concluded that in the case before it, the passenger who grabbed and turned the steering wheel without permission was *interfering* with the operation of the vehicle, not operating it. *Id.* at 703. On the basis of the above analysis, we conclude that defendant's grabbing and turning the steering wheel without the driver's permission did not constitute operation of the vehicle for purposes of the application of MCL 257.626c.

We affirm.

---

[1] The prosecution's assertion—that in light of the absence of authority interpreting the meaning of operating a vehicle for the purpose of applying MCL 257.626c, the district court and the circuit court erred in consulting authority dealing with civil law—is unsubstantiated, as the prosecution has provided no authority for its position. *Leitch v Switchenko*, 169 Mich App 761, 764; 426 NW2d 804 (1988).